[Cite as *Bank of Am. v. Telerico*, 2014-Ohio-434.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

PORTAGE COUNTY, OHIO


BANK OF AMERICA, A NATIONAL :    **MEMORANDUM OPINION**
BANKING ASSOCIATION, AS
SUCCESSOR IN INTEREST BY :
MERRILL LYNCH CREDIT    **CASE NO. 2013-P-0069**
CORPORATION, :

        Plaintiff-Appellee, :

   - vs - :

LOUIS A. TELERICO, et al., :

        Defendants-Appellants. :


Civil Appeal from the Court of Common Pleas, Case No. 2011 CV 01105.

Judgment: Appeal dismissed.


*David A. Freeburg*, McFadden & Freeburg Co., L.P.A., 1370 Ontario Street, Suite 600, Cleveland, OH 44113 (For Plaintiff-Appellee).

*Susan J. Lax*, 755 White Pond Drive, #403, Akron, OH 44320 (For Defendants-Appellants).


DIANE V. GRENDELL, J.

{¶1} This appeal is taken from a judgment of the Portage County Court of Common Pleas, in which the trial court granted appellee, Bank of America, a National Banking Association, as Successor in Interest by Merger to Merrill Lynch Credit Corporation, judgment against appellants, Louis A. Telerico, Louis A. Telerico, Trustee of the Elaine J. Telerico Trust, and Louis A. Telerico, Trustee of the Louis A. Telerico 2007 Amended and Restated Revocable Trust Indenture.

{¶2} The docket in this case reveals that on August 23, 2011, appellee filed a foreclosure complaint against appellants in the Portage County Court of Common Pleas. After appellants answered the complaint and counterclaimed, appellee moved for summary judgment on the note and the mortgage, as well as on the counterclaim. Appellants filed a motion to strike the motion for summary judgment, and appellee filed a brief in opposition to the motion to strike. In an entry dated April 15, 2013, the trial court overruled appellants' motion to strike appellee's motion for summary judgment, granted appellee's motion for summary judgment, and ordered the parties to draft a final judgment entry. Pursuant to that entry, appellee submitted a final entry of judgment to the trial court on July 23, 2013.

{¶3} The July 23, 2013 entry granted appellee judgment against appellants in the amount of $2,999,985, plus interest equal to $238,492.60 as of April 15, 2013, and costs. The entry also stated that appellee is "entitled to judgment finding that its mortgage is the first and best lien on the property * * *" and that "one or more of the Defendants have a subordinate lien on the property." Further, the last paragraph in the entry indicates that "there is no just reason for delay." On August 22, 2013, appellants, by and through counsel of record, Susan J. Lax, filed the instant notice of appeal.

{¶4} We must determine whether the order appealed from is a final appealable order. According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action. *Estate of Biddlestone*, 11th Dist. No. 2010-T-0131, 2011-Ohio-1299, ¶ 3. If a lower court's order is not final, a reviewing court has no jurisdiction to review the matter and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. of N.*

2

*Am.,* 44 Ohio St.3d 17, 20 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and if applicable, Civ.R. 54(B).

{¶5} Pursuant to R.C. 2505.02(B), there are seven categories of a "final order," and if the judgment of the trial court satisfies any of them, it will be deemed a "final order" and can be immediately appealed and reviewed by a court of appeals.

{¶6} R.C. 2505.02(B) states that:

{¶7} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶8} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶9} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶10} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶11} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶12} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶13} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶14} "(5) An order that determines that an action may or may not be maintained as a class action;

3

{¶15} "(6) An order determining the constitutionality of any changes to the Revised Code * * *;

{¶16} "(7) An order in an appropriation proceeding * * *."

{¶17} In the case at hand, for R.C. 2505.02(B)(2) to apply, the order under review must be made in a special proceeding, which is defined as "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2). Since foreclosure actions were in existence prior to 1853, they are not special proceedings in the context of final appealable orders. See *Second Natl. Bank of Warren v. Walling*, 7th Dist. No. 01-C.A.-62, 2002-Ohio-3852, ¶17. Therefore, R.C. 2505.02(B)(2) does not apply.

{¶18} In addition, it is clear that the July 23, 2013 entry does not vacate a judgment, grant a provisional remedy, deal with a class action, or determine the constitutionality of Am. Sub. S.B. 281 or Sub. S.B. 80. Thus, R.C. 2505.02(B)(3)-(6) do not apply.

{¶19} For R.C. 2505.02(B)(1) to apply to the July 23 judgment entry, it must affect a substantial right, determine the action, and prevent further judgment. Typically, a judgment entry ordering the foreclosure of property and the distribution of the proceeds to the various claimants is a final appealable order. *Third Natl. Bank of Circleville v. Speakman*, 18 Ohio St.3d 119 (1985).

{¶20} This court has determined that there is no final appealable order where a judgment entry merely rules that a party had a valid lien on the property and was entitled to a future order of foreclosure. See *BCGS, L.L.C. v. Raab*, 11th Dist. No. 98-L-041, 1998 Ohio App. LEXIS 6584. Furthermore, other appellate courts have held that an entry "ordering a foreclosure sale is not a final and appealable order unless it

4

resolves *all* of the issues involved in the foreclosure, including: whether an order of sale is to be issued; what other liens must be marshaled before distribution is ordered; the priority of any such liens; and the amounts that are due to the various claimants." *Centex Home Equity Co., LLC v. Williams*, 3d Dist. No. 6-06-07, 2007-Ohio-902, ¶ 17.

**{¶21}** This court has also stated that until a final decree of foreclosure has been issued, appellate courts have no jurisdiction to consider an appeal because the trial court has failed to issue a final appealable order. *Mortgage Electronic Registration Systems, Inc. v. Estate of Rose*, 11th Dist. No. 2004-L-120, 2005-Ohio-559.

**{¶22}** Here, the July 23, 2013 entry does not include any language to proceed with a foreclosure sale. At most, the trial court ruled that appellee had a valid lien on the property and was entitled to future order of foreclosure. Hence, the July 23, 2013 entry appealed from is not a final appealable order, but rather is simply prefatory to the issuance of an actual foreclosure decree ordering the sale of the property and establishing the priority of any valid liens.

**{¶23}** Therefore, we find that the trial court has not yet issued a final appealable order. Until a final decree of foreclosure is issued, this court is without jurisdiction to consider the merits in this matter. Furthermore, merely including Civ.R. 54(B) language into an otherwise non-final order does not transform it into a final one. *Bristol Twp. Bd. of Trustees v. Haney*, 11th Dist. No. 2010-T-0084, 2010-Ohio-3965, ¶ 5.

**{¶24}** Accordingly, this appeal is hereby dismissed, sua sponte, for lack of a final appealable order.

CYNTHIA WESTCOTT RICE, J.,
THOMAS R. WRIGHT, J.,
concur.