[Cite as *U.S. Bank, N.A. v. Denen*, 2015-Ohio-5070.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| U.S. BANK, N.A., SUCCESSOR TRUSTEE TO LASALLE BANK NATIONAL ASSOCIATION, ON BEHALF OF THE HOLDERS OF BEAR STEARNS ASSET BACKED SECURITIES I TRUST 2004-HE11, ASSET-BACKED CERTIFICATES SERIES 2004-HE11, | : : : : | **MEMORANDUM OPINION**  **CASE NO. 2015-T-0102** |
| Plaintiff-Appellee, | : | |
| - vs - | : | |
| ROBERT M. DENEN, et al., | : | |
| Defendants-Appellants. | : | |

Civil Appeal from the Court of Common Pleas, Case No. 2014 CV 01555.

Judgment: Appeal dismissed.

*Sherrie Mikhail Miday, Matthew J. Richardson*, and *Kyle E. Timken,* Manley Deas Kochalski, L.L.C., 1400 Goodale Blvd., Suite 200, P.O. Box 165028, Columbus, OH 43216-5028 (For Plaintiff-Appellee).

*Michael A. Partlow*, 112 South Water Street, Suite C, Kent, OH 44240 (For Defendants-Appellants).

DIANE V. GRENDELL, J.

{¶1} This appeal is taken from an entry in which the Trumbull County Court of Common Pleas granted the motion for summary judgment of appellee, U.S. Bank, N.A., Successor Trustee to LaSalle Bank National Association, on Behalf of the Holders of

Bear Stearns Asset Backed Securities I Trust 2004-HE11, Asset-Backed Certificates Series 2004-HE11.

{¶2} The docket in this case reveals that on August 13, 2014, appellee filed a foreclosure complaint against appellants, Robert M. Denen and Andrea F. Denen. After appellants answered the complaint, appellee moved for summary judgment. Appellants filed a memorandum in opposition to the motion for summary judgment, and appellee filed a reply to appellants' brief in opposition. In an entry dated August 14, 2015, the trial court granted appellee's motion for summary judgment. The trial court entry noted that "[t]here is not just reason for delay." On September 14, 2015, appellants, by and through counsel of record, filed the instant notice of appeal.

{¶3} We must determine whether the order appealed from is a final appealable order. According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action. *Estate of Biddlestone*, 11th Dist. Trumbull No. 2010-T-0131, 2011-Ohio-1299, ¶ 3. If a lower court's order is not final, a reviewing court has no jurisdiction to review the matter and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and if applicable, Civ.R. 54(B).

{¶4} Pursuant to R.C. 2505.02(B), there are seven categories of a "final order," and if the judgment of the trial court satisfies any of them, it will be deemed a "final order" and can be immediately appealed and reviewed by a court of appeals.

{¶5} R.C. 2505.02(B) states that:

{¶6} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶7} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶8} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶9} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶10} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶11} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶12} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶13} "(5) An order that determines that an action may or may not be maintained as a class action;

{¶14} "(6) An order determining the constitutionality of any changes to the Revised Code * * *;

{¶15} "(7) An order in an appropriation proceeding * * *."

{¶16} In the case at hand, for R.C. 2505.02(B)(2) to apply, the order under review must be made in a special proceeding, which is defined as "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as

3

an action at law or a suit in equity." R.C. 2505.02(A)(2). Since foreclosure actions were in existence prior to 1853, they are not special proceedings in the context of final appealable orders. See *Second Natl. Bank of Warren v. Walling*, 7th Dist. Mahoning No. 01-C.A.-62, 2002-Ohio-3852, ¶ 17. Therefore, R.C. 2505.02(B)(2) does not apply.

{¶17} In addition, it is clear that the August 14, 2015 entry does not vacate a judgment, grant a provisional remedy, deal with a class action, or determine the constitutionality of Am. Sub. S.B. 281 or Sub. S.B. 80. Thus, R.C. 2505.02(B)(3)-(6) do not apply.

{¶18} For R.C. 2505.02(B)(1) to apply to the August 14, 2015 judgment entry, it must affect a substantial right, determine the action, and prevent further judgment. Typically, a judgment entry ordering the foreclosure of property and the distribution of the proceeds to the various claimants is a final appealable order. *Third Natl. Bank of Circleville v. Speakman*, 18 Ohio St.3d 119, 120 (1985). This court has stated that a trial court has failed to issue a final appealable order and has no jurisdiction to consider an appeal until a final decree of foreclosure has been issued. *Bank of Am. v. Telerico*, 11th Dist. Portage No. 2013-P-0069, 2014-Ohio-434, ¶ 21.

{¶19} Here, the August 14, 2015 entry does not include any language to proceed with a foreclosure sale. Hence, it is not a final appealable order, but rather is simply prefatory to the issuance of an actual foreclosure decree ordering the sale of the property and establishing the priority of any valid liens.

{¶20} Therefore, until a final decree of foreclosure is issued, this court is without jurisdiction to consider the merits in this matter. Furthermore, merely including Civ.R. 54(B) language into an otherwise non-final order does not transform it into a final one.

4

*Bristol Twp. Bd. of Trustees v. Haney,* 11th Dist. No. 2010-T-0084, 2010-Ohio-3965, ¶ 5.

{¶21} Accordingly, this appeal is hereby dismissed, sua sponte, for lack of a final appealable order.

TIMOTHY P. CANNON, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.