[Cite as *Hudson City Savs. Bank v. Havener*, 2016-Ohio-270.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| HUDSON CITY SAVINGS BANK, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-G-0044** |
| THOMAS G. HAVENER, et al., | : | |
| Defendants-Appellants. | : | |

Civil Appeal from the Court of Common Pleas, Case No. 13 F 000686.

Judgment: Appeal dismissed.

*Kara A. Czanik*, Graydon Head & Ritchey LLP, 1900 Fifth Third Center, 511 Walnut Street, Cincinnati, OH 45202, and *Robert R. Hoose*, The Law Offices of John D. Clunk Co., L.P.A., 4500 Courthouse Boulevard, Suite 400, Stow, OH 44224 (For Plaintiff-Appellee).

*Gary Cook* and *Michael B. Aten, Jr.*, The Law Offices of Gary Cook, 3800 Lakeside Avenue, Suite 400, Cleveland, OH 44114, and *Stacey E. Polk*, P.O. Box 1895, Cleveland, OH 44106 (For Defendants-Appellants).

COLLEEN MARY O'TOOLE, J.

{¶1} This appeal is taken from an entry in which the Geauga County Court of Common Pleas granted the motion for summary judgment of appellee, Hudson City Savings Bank.

{¶2} The docket in this case reveals that on July 25, 2013, appellee filed a foreclosure action against appellants, Thomas G. Havener and Kathleen B. Havener, as well as other defendants. After appellants answered the complaint, appellee moved for summary judgment against appellants. Appellants opposed the motion for summary

judgment and also filed a separate motion for summary judgment. In an entry dated September 15, 2015, the trial court granted appellee's motion for summary judgment and entered judgment in favor of appellee and against appellants. The trial court's entry noted that appellee's "counsel shall submit an appropriate Judgment Entry to [the] Court." On October 14, 2015, appellants filed the instant notice of appeal.

{¶3} On October 30, 2015, appellee filed with this court a motion to dismiss the appeal due to lack of a final appealable order. No brief or memorandum in opposition to the motion to dismiss was filed. On November 24, 2015, appellee moved the trial court for an indefinite continuance of the matter and the deadline to submit a final entry and foreclosure decree due to the pending appeal, which the trial court granted.

{¶4} We must determine if the September 15, 2015 entry appealed from is a final appealable order. According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can only be immediately reviewed by an appellate court if it constitutes a "final order" in the action. *Estate of Biddlestone*, 11th Dist. Trumbull No. 2010-T-0131, 2011-Ohio-1299, ¶ 3. If a lower court's order is not final, an appellate court has no jurisdiction to review the matter and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B).

{¶5} Pursuant to R.C. 2505.02(B), there are seven categories of a "final order," and if the trial court's judgment satisfies any of them, it will be deemed a "final order" and can be immediately appealed and reviewed by a court of appeals.

{¶6} R.C. 2505.02(B) states that:

{¶7} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

**{¶8}** "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

**{¶9}** "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

**{¶10}** "(3) An order that vacates or sets aside a judgment or grants a new trial;

**{¶11}** "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

**{¶12}** "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

**{¶13}** "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

**{¶14}** "(5) An order that determines that an action may or may not be maintained as a class action;

**{¶15}** "(6) An order determining the constitutionality of any changes to the Revised Code * * *;

**{¶16}** "(7) An order in an appropriation proceeding * * *."

**{¶17}** For R.C. 2505.02(B)(2) to apply to the instant matter, the entry under review must be made in a special proceeding, which is defined as "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2). Foreclosure actions were in existence prior to 1853, and thus, they are not special proceedings in the context of final appealable orders. See *U.S Bank v. Denen*, 11th Dist. Trumbull No. 2015-T-0102, 2015-Ohio-5070, ¶ 16. Therefore, R.C. 2505.02(B)(2) does not apply here.

3

**{¶18}** Additionally, it is clear that the September 15, 2015 entry did not vacate a judgment, grant a provisional remedy, deal with a class action, or determine the constitutionality of Am. Sub. S.B. 281 or Sub. S.B. 80. Thus, R.C. 2505.02(B)(3)-(6) do not apply to the matter at hand.

**{¶19}** For R.C. 2505.02(B)(1) to apply to the September 15, 2015 entry, it must affect a substantial right, determine the action, and prevent further judgment. Typically, a judgment ordering the foreclosure of property and the distribution of the proceeds to the various claimants is a final appealable order. *Third Natl. Bank of Circleville v. Speakman*, 18 Ohio St.3d 119 (1985). However, this court recently held that a trial court failed to issue a final appealable order and had no jurisdiction to consider an appeal until a final decree of foreclosure was issued. *Denen*, *supra*, at ¶ 18.

**{¶20}** In this case, the September 15, 2015 entry does not include any language to proceed with a foreclosure sale, and therefore, is not a final appealable order. Rather, it is simply prefatory to the issuance of an actual foreclosure decree ordering the sale of the property and establishing the priority of any valid liens. Hence, until a final decree of foreclosure is issued by the trial court, this court is without jurisdiction to consider the merits in this matter.

**{¶21}** Accordingly, appellee's motion to dismiss the appeal is granted, and this appeal is hereby dismissed for lack of a final appealable order.

**{¶22}** Appeal dismissed.


TIMOTHY P. CANNON, J., concurs,

DIANE V. GRENDELL, J., concurs in judgment only.

4