[Cite as *Bank of Am. v. Telerico*, 2017-Ohio-1339.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| BANK OF AMERICA, A NATIONAL BANKING ASSOCIATION, AS SUCCESSOR IN INTEREST BY MERGER TO MERRILL LYNCH CREDIT CORPORATION, | : : : | MEMORANDUM OPINION<br><br>CASE NO. 2016-P-0075 |
| Plaintiff-Appellee, | : | |
| - vs - | : | |
| LOUIS A. TELERICO, et al., | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Court of Common Pleas, Case No. 2011 CV 01105.

Judgment: Appeal dismissed.

*David A. Freeburg*, McFadden & Freeburg Co., L.P.A., 6690 Beta Drive, Suite 320, Mayfield Heights, OH 44143 (For Plaintiff-Appellee).

*Susan J. Lax*, 755 White Pond Drive, #403, Akron, OH 44320 (For Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} This appeal is taken from a judgment in which the Portage County Court of Common Pleas granted the motion for summary judgment of appellee, Bank of America, a National Banking Association, as Successor in Interest by Merger to Merrill Lynch Credit Corporation. Appellee sought, inter alia, judgment on a note and

mortgage, specifically, "judgment against Defendant Louis Telerico in the amount of $3,661,288.31" and "an order of foreclosure."

{¶2} The docket reveals that on August 23, 2011, appellee filed a foreclosure complaint against appellant, Louis A. Telerico, as well as others. After appellant answered the complaint and counterclaimed, appellee moved for summary judgment. The trial court granted appellee's motion for summary judgment. Appellee filed an amended complaint on April 23, 2014, and appellant filed an answer and counterclaim to that complaint. Appellee filed another motion for summary judgment, which was overruled on March 4, 2015. On August 16, 2016, appellee filed a renewed motion for summary judgment, and appellant filed a response to the renewed motion. In an entry dated November 8, 2016, the trial court granted appellee's motion for summary judgment. On November 30, 2016, the instant appeal ensued.

{¶3} We must determine whether the order appealed from is a final appealable order. According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action. *Estate of Biddlestone*, 11th Dist. Trumbull No. 2010-T-0131, 2011-Ohio-1299, ¶ 3. If a lower court's order is not final, a reviewing court has no jurisdiction to review the matter and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B).

{¶4} Pursuant to R.C. 2505.02(B), there are seven categories of a "final order," and if the judgment of the trial court satisfies any of them, it will be deemed a "final order" and can be immediately appealed and reviewed by a court of appeals.

{¶5} R.C. 2505.02(B) states that:

{¶6} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶7} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶8} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶9} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶10} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶11} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶12} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶13} "(5) An order that determines that an action may or may not be maintained as a class action;

{¶14} "(6) An order determining the constitutionality of any changes to the Revised Code * * *;

{¶15} "(7) An order in an appropriation proceeding * * *."

{¶16} In the case at hand, for R.C. 2505.02(B)(2) to apply, the order under review must be made in a special proceeding, which is defined as "an action or

3

proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2). Since foreclosure actions were in existence prior to 1853, they are not special proceedings in the context of final appealable orders. See *Second Natl. Bank of Warren v. Walling*, 7th Dist. Mahoning No. 01-C.A.-62, 2002-Ohio-3852, ¶ 17. Hence, R.C. 2505.02(B)(2) does not apply.

{¶17} Further, it is clear that the November 8 entry does not vacate a judgment, grant a provisional remedy, deal with a class action, or determine the constitutionality of Am. Sub. S.B. 281 or Sub. S.B. 80. Thus, R.C. 2505.02(B)(3)-(6) do not apply.

{¶18} For R.C. 2505.02(B)(1) to apply to the November 8 judgment entry, it must affect a substantial right, determine the action, and prevent further judgment. Typically, a judgment entry ordering the foreclosure of property and the distribution of the proceeds to the various claimants is a final appealable order. *Third Natl. Bank of Circleville v. Speakman*, 18 Ohio St.3d 119 (1985). This court has also stated that a trial court has failed to issue a final appealable order and has no jurisdiction to consider an appeal until a final decree of foreclosure has been issued. *Bank of Am. v. Telerico*, 11th Dist. Portage No. 2013-P-0069, 2014-Ohio-434, ¶ 21.

{¶19} In the present case, the November 8, 2016 judgment granting appellee's motion for summary judgment does not include any language to proceed with a foreclosure sale. At most, the trial court was ruling that appellee had a valid lien on the subject premises and was entitled to a future order of foreclosure. The entry appealed from is not a final appealable order, but rather is simply prefatory to the issuance of an actual foreclosure decree ordering the sale of the property and establishing the priority

4

of any valid liens. Until a final decree of foreclosure is issued, this court is without jurisdiction to consider the merits of this case.

{¶20} Accordingly, this appeal is hereby dismissed, sua sponte, for lack of a final appealable order.


COLLEEN MARY O'TOOLE, J., concurs,

THOMAS R. WRIGHT, J., concurs in judgment only.