[Cite as *Sunset Cove Comm. Assn., Inc. v. Whetzel*, 2021-Ohio-3658.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| SUNSET COVE COMMUNITY ASSOCIATION, INC., | CASE NO. 2021-L-085 |
| Plaintiff-Appellee, | Civil Appeal from the Court of Common Pleas |
| - v - | |
| DANIEL WHETZEL, et al., | Trial Court No. 2018 CF 001009 |
| Defendant-Appellant. | |

# M E M O R A N D U M
# O P I N I O N

Decided: October 12, 2021
Judgment: Appeal dismissed

*Robert P. Lynch, Jr.*, Gallagher Sharp LLP, 1215 Superior Avenue, 7th Floor, Cleveland, OH 44114; Lindsey *A. Wrubel* and *Matthew A. Kearney*, Eques, Inc., 5989 County Road 77, Millersburg, OH 44654 (For Plaintiff-Appellee).

*Bradley Hull, IV*, Cavitch, Familo & Durkin Co., LPA, 1300 East Ninth Street, 20th Floor, Cleveland, OH 44114 (For Defendant-Appellant).

MARY JANE TRAPP, P.J.

{¶1} This appeal is taken from a judgment in which the Lake County Court of Common Pleas entered judgment in favor of appellee, Sunset Cove Community Association and against appellant, Daniel Whetzel.

{¶2} The docket reveals that on June 27, 2018, appellee filed a foreclosure complaint against appellant as well as others. After appellant answered the complaint and counterclaimed, appellee moved for summary judgment. The trial court granted in

part and denied in part appellee's motion for summary judgment. After a bench trial, in a June 24, 2021 entry, the trial court entered a $3,383.68 judgment in appellee's favor. The trial court held the issue of foreclosure "in abeyance for thirty days; if [appellant] fails to make payment in full within thirty days then [appellee] may submit a Decree of Foreclosure to the Court." The trial court also entered a judgment in favor appellee on appellant's counterclaim. On July 22, 2021, the instant appeal ensued.

{¶3} Appellee filed a motion to dismiss the appeal on August 16, 2021, alleging that there is no final appealable order. Appellant opposed the motion.

{¶4} We must determine whether the order appealed from is a final appealable order. According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action. *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶ 3. If a lower court's order is not final, a reviewing court has no jurisdiction to review the matter, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B).

{¶5} Pursuant to R.C. 2505.02(B), there are seven categories of a "final order," and if the judgment of the trial court satisfies any of them, it will be deemed a "final order" and can be immediately appealed and reviewed by a court of appeals.

{¶6} R.C. 2505.02(B) states that:

{¶7} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

2

{¶8} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶9} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶10} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶11} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶12} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶13} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶14} "(5) An order that determines that an action may or may not be maintained as a class action;

{¶15} "(6) An order determining the constitutionality of any changes to the Revised Code * * *;

{¶16} "(7) An order in an appropriation proceeding * * *."

{¶17} For R.C. 2505.02(B)(2) to apply, the order under review must be made in a special proceeding, which is defined as "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2). Since foreclosure actions were in existence prior to 1853, they are not special proceedings in the context of final appealable orders. *U.S. Bank v. Denen*,

3

11th Dist. Trumbull No. 2015-T-0102, 2015-Ohio-5070, ¶ 16. Hence, R.C. 2505.02(B)(2) does not apply.

{¶18} The appealed entry also did not vacate a judgment, grant a provisional remedy, deal with a class action, determine the constitutionality of Am. Sub. S.B. 281 or Sub. S.B. 80, or deal with an appropriation proceeding. Thus, R.C. 2505.02(B)(3)-(7) do not apply.

{¶19} For R.C. 2505.02(B)(1) to apply to the June 24, 2021 judgment entry, it must affect a substantial right, determine the action, and prevent further judgment. Typically, a judgment entry ordering the foreclosure of property and the distribution of the proceeds to the various claimants is a final appealable order. *Third Natl. Bank of Circleville v. Speakman*, 18 Ohio St.3d 119 (1985). This court has stated that a trial court has failed to issue a final appealable order and has no jurisdiction to consider an appeal until a final decree of foreclosure has been issued. *Denen, supra*, at ¶ 18.

{¶20} Since the entry on appeal does not include any language to proceed with a foreclosure sale, there is not a final appealable order. Rather, the entry is simply prefatory to the issuance of an actual foreclosure decree ordering the sale of the property and establishing the priority of any valid liens. Until a final decree of foreclosure is issued, this court is without jurisdiction to consider the merits of this case.

{¶21} For the foregoing reasons, appellee's motion to dismiss is granted. This appeal is hereby dismissed for lack of a final appealable order.

MATT LYNCH, J.,

JOHN J. EKLUND, J.,

concur.

4

Case No. 2021-L-085