[Cite as *Grinder v. Schaaf*, 2024-Ohio-3244.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

TIMOTHY GRINDER,

      Plaintiff-Appellee,

- vs -

MARCELLA A. SCHAAF, et al.,

      Defendant-Appellant.

CASE NO. 2024-P-0041

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2022 CV 00386

## M E M O R A N D U M
## O P I N I O N

Decided: August 26, 2024
Judgment: Appeal dismissed

*Ari H. Jaffe, Anna E. Bullock,* and *Jeffrey R. Vaisa*, Kohrman Jackson & Krantz, PLL, One Cleveland Center, 29th Floor, 1375 East Ninth Street, Cleveland, OH 44114 (For Plaintiff-Appellee).

*Christopher J. Mallin*, 367 North Cleveland Avenue, Mogadore, OH 44260 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1}  This appeal is taken from a judgment in which the Portage County Court of Common Pleas entered judgment in favor of appellee, Timothy Grinder, and against appellant, Marcella Schaaf.

{¶2}  The docket reveals that on May 26, 2022, Grinder filed a foreclosure complaint against Schaaf as well as others.  Schaaf answered the complaint and counterclaimed. Each of the parties moved for a partial summary judgment.  The trial court granted Grinder's motion and denied Schaaf's motion for summary judgment.  A

trial took place before the magistrate on September 27, 2023. In a June 4, 2024 decision, the magistrate granted judgment in favor of Grinder and against Schaaf in the amount of $99,764.70, ordered that Grinder is entitled to foreclosure in this action, and that judgment is granted in favor of Schaaf and against Grinder on the remainder of Grinder's claims. The magistrate also ordered that the matter be set for a hearing on attorney fees. The trial court adopted the magistrate's decision on that same date. Schaaf filed objections to the magistrate's decision. On July 2, 2024, the instant appeal ensued.

{¶3} We must determine whether the order appealed from is a final appealable order. According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action. *Germ v. Fuerst*, 2003-Ohio-6241, ¶ 3 (11th Dist.). If a lower court's order is not final, a reviewing court has no jurisdiction to review the matter, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B).

{¶4} Pursuant to R.C. 2505.02(B), there are seven categories of a "final order," and if the judgment of the trial court satisfies any of them, it will be deemed a "final order" and can be immediately appealed and reviewed by a court of appeals.

{¶5} R.C. 2505.02(B) states that:

{¶6} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶7} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

2

{¶8} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶9} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶10} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶11} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶12} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶13} "(5) An order that determines that an action may or may not be maintained as a class action;

{¶14} "(6) An order determining the constitutionality of any changes to the Revised Code. . .;

{¶15} "(7) An order in an appropriation proceeding. . ."

{¶16} For R.C. 2505.02(B)(1) to apply to the June 4, 2024 entry, it must affect a substantial right, determine the action, and prevent further judgment. Generally, an entry ordering the foreclosure of property and distribution of the proceeds is a final appealable order. *Third Natl. Bank of Circleville v. Speakman*, 18 Ohio St.3d 119 (1985). This court has stated that when a trial court has failed to issue a final appealable order, the appellate court has no jurisdiction to consider an appeal until a final decree of foreclosure has been

3

issued. *Sunset Cove Community Assn. v. Whetzel*, 2021-Ohio-3658, ¶ 19 (11th Dist.). Hence, R.C. 2505.02(B)(1) does not apply.

{¶17} For R.C. 2505.02(B)(2) to apply, the entry under review must be made in a special proceeding, which is defined as "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2). Foreclosure actions are not special proceedings in the context of final appealable orders since they were in existence prior to 1853. *Sunset Cove* at ¶ 17. Therefore, R.C. 2505.02(B)(2) is inapplicable.

{¶18} The appealed entry also did not vacate a judgment, grant a provisional remedy, deal with a class action, determine the constitutionality of Am. Sub. S.B. 281 or Sub. S.B. 80, or deal with an appropriation proceeding. Thus, R.C. 2505.02(B)(3)-(7) do not apply.

{¶19} Since the entry on appeal does not include any language to proceed with a foreclosure sale, there is not a final appealable order. Rather, the entry is simply prefatory to the issuance of an actual foreclosure decree ordering the sale of the property and establishing the priority of any valid liens. Until a final decree of foreclosure is issued, this court is without jurisdiction to consider the merits of this case.

{¶20} For the foregoing reasons, this appeal is hereby sua sponte dismissed for lack of a final appealable order.


JOHN J. EKLUND, J.,

ROBERT J. PATTON, J.,

concur.

4

Case No. 2024-P-0041