Nancy WOODS, et al., Plaintiff

v.

Linnie WILLIS, et al., Defendant.

Case No. 3:09CV2412.

United States District Court,
N.D. Ohio,
Western Division.

Sept. 4, 2013.

Aneel L. Chablani, Advocates for Basic Legal Equality, Toledo, OH, D. Scott

Chang, Relman, Dane & Colfax, Washington, DC, Matthew N. Currie, Advocates for Basic Legal Equality, Dayton, OH, Stephen M. Dane, Relman & Dane, Perrysburg, OH, for Plaintiff.

Thomas S. Amato, Timothy R. Cleary, Cleary & Associates, Cleveland, OH, for Defendant.

## ORDER

JAMES G. CARR, Senior District Judge.

This is a due process civil rights case in which three participants in the "Housing Choice Voucher" (HCV) program of the defendant Lucas Metropolitan Housing Authority (LMHA or the Authority), claiming to represent a class of others situated like them, each brought eight claims against three LMHA personnel. Only one plaintiff, Caulene Fuller, obtained any relief, and that relief related directly to only two of her claims. *See Woods v. Willis,* 825 F.Supp.2d 893 (N.D.Ohio 2011), *aff'd,* 515 Fed.Appx. 471 (6th Cir.2013).

Pending is plaintiff Fuller's motion for an award of attorneys' fees and costs under 42 U.S.C. § 1988. (Doc. 86). The LMHA defendants contend plaintiff is not entitled to any award of fees. (Doc. 88).

For the reasons that follow, I grant plaintiff's motion in part and deny it in part, and direct her counsel to submit a revised statement of fees and costs in accordance with this order.

### Background

Section 8 of the U.S. Housing Act of 1937, 42 U.S.C. § 1437f, creates the HCV program. Individuals who, like plaintiffs, qualify for HCV assistance must comply with its rules and regulations. Failure to do so exposes them to termination from the program.

Before terminating an HCV recipient, LMHA conducts an informal hearing. The complaint alleged that the Authority had violated each plaintiff's rights to due process in various ways at their separate hearings. Although the general allegation of each of the plaintiffs—violation of due process at the informal hearing—was the same, the particulars of the alleged violations differed. I held in *Woods, supra,* that LMHA had not violated plaintiffs' due process rights with the single exception of one aspect of plaintiff Fuller's hearing.

Fuller's hearing officer had found Fuller in violation of the HCV program solely on the basis of a single piece of evidence: namely a letter from the father of her four-year old son, who was living with her. The father asserted (correctly) that plaintiff did not have legally endorsed custody of the child. This, under LMHA regulations, would constitute fraud and cause plaintiff's termination from the program.[1]

In my decision, while I noted that hearsay is admissible at informal due process hearings; Fuller's hearing officer violated due process when she relied exclusively on a hearsay statement in reaching her decision. *Woods, supra,* 825 F.Supp.2d at 901–02. This was a circumstance unique to Fuller's case, and the record contained no indication that the Authority routinely or regularly relied solely on a single hearsay statement in its decisions at informal hearings.

Plaintiff's counsel seeks full compensation, in the amount of $213,909.40, plus costs. Defendant contends counsel should receive nothing, as Fuller was not a pre-

---

1. Fuller obtained a court order granting her custody of her son during the course of these proceedings.

vailing party. In the alternative, LMHA argues the amount of fees sought is unreasonable both as to the hourly rates of various counsel and the number of hours expended.

### Discussion

 Under § 1988, counsel for a plaintiff who is a "prevailing party" in a § 1983 suit is entitled to an award of a reasonable fees and costs. In the Sixth Circuit, "[a] plaintiff may be considered a prevailing party if the plaintiff 'succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit.' " *Dillery v. City of Sandusky*, 398 F.3d 562, 569 (6th Cir.2005) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). As also stated in *Dillery*, " 'The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties,' " *Id.* (quoting *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792–93, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989)), such that " 'the defendant's behavior [is modified] in a way that directly benefits the plaintiff.' " *Id.* (quoting *Farrar v. Hobby*, 506 U.S. 103, 111–12, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) (alteration in original)).

 Defendants argue that plaintiff did not prevail because shortly after the suit the parties agreed to an interim order enabling her to remain with her son and within the HCV program. While this is true, that agreement, entered in lieu of a hearing on Fuller's motion for a preliminary injunction, simply maintained the status quo pending the outcome. As a result of my ruling in her favor, that interim relief became permanent. I reject defendants' contention that her attorneys should get nothing for any work after they were able at the outset to keep her in the program and her residence pending further developments. She is there permanently, not temporarily, as a result of their work.

Aside from that fact, I conclude for other reasons as well that plaintiff is a prevailing party. She won on a significant issue—whether she could remain in the HCV program. There was a material alteration in the parties' legal relationship: but for the litigation and my ruling in her favor, plaintiff faced termination of her participation in the program. Her status went from being threatened with loss of her property interest in the program (and/or giving up living with her son) to being protected fully from those risks.

The real question in this case is how much of a fee plaintiff's counsel should receive. They argue they are entitled to full compensation for all the hours they dedicated to all claims of all three plaintiffs. Defendants assert that plaintiff's counsel accomplished so little that they should not have to pay them anything.

The Supreme Court stated the law applicable to partial success in *Hensley v. Eckerhart*, 461 U.S. 424, 434–35, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (citation and footnote omitted):

> In some cases a plaintiff may present in one lawsuit distinctly different claims for relief that are based on different facts and legal theories. In such a suit, even where the claims are brought against the same defendants-often an institution and its officers, as in this case-counsel's work on one claim will be unrelated to his work on another claim. Accordingly, work on an unsuccessful claim cannot be deemed to have been "expended in pursuit of the ultimate result achieved." The congressional intent to limit awards to prevailing parties requires that these unrelated claims be treated as if they had been raised in separate lawsuits, and therefore no fee

may be awarded for services on the unsuccessful claim.

Indisputably, all claims of all plaintiffs shared a common root: what the Due Process Clause demands during an informal agency hearing affecting a property interest. But the complaints as to each plaintiff branched in different directions. Legal theories—though all involved claims of due process violations differed, as did much of the factual basis for the separate claims.[2]

Here plaintiff Fuller, and only she, prevailed, and she did so on a factual basis entirely unique to her.

Moreover, counsel, though they disagree, did not obtain any direct system-wide reform. Any long-term effect from my ruling in plaintiff's favor is probably at best indirect and, at most, sporadic. The defect which led to relief for Fuller does not appear, from the record before me, to have been systemic. Nothing similar happened to the other two plaintiffs. At most, what the hearing officer did in Fuller's hearing appears to have been an isolated aberration in how the Authority otherwise lawfully made its decisions.

Most simply put: causing defendants not to do something in the future that they had not been doing with any regularity in the past does not expose them to paying attorneys for work done on claims that they lost.

I conclude, accordingly, that the fees and costs to which plaintiff's counsel are entitled are limited to those which relate directly to the sole and narrow issue on which plaintiff prevailed.

That being said, plaintiff's counsel are in a far better position than I to abstract out the hours reasonably related to their work on that issue. That includes work defending their accomplishment as to that issue on appeal, preparing their initial fee petition, and preparing their revised petition.[3]

■ With regard to the hourly rates: I find those charged by attorneys with Legal Aid of Northwest Ohio/Advocates for Basic Legal Equality to be reasonable.

Plaintiff's private counsel point to fee ranges in *Ohio,* rather than *Toledo,* as their benchmark. This disregards the varied conditions in our State. Based on my experience for more than three decades, and my decisions in other cases, I conclude that counsel of equivalent experience, skill, and expertise in a specialized area (which describes plaintiff's private counsel) in the Toledo area charge between $350 and $400/hour. That is the hourly rate plaintiff's counsel shall apply to their revised computation of hours reasonably expended in securing their limited relief for their client.

■ Time spent traveling is not, in my view, reimbursable. The direct expenses thereby incurred are compensable where the travel was related to attendance at court proceedings, depositions, and similar activities and the lawyer was lead counsel at the deposition or an active and essential participant in the other activities.

**2.** In deciding this case, the court of appeals stated, "[Plaintiffs] claims and circumstances are substantially distinct, requiring this Court to address each separately for the sake of clarity." *Woods, supra,* 515 Fed.Appx. at 474.

**3.** Not all work on the initial or revised fee petition is compensable—just that related to the fees as to the issue which plaintiff prevailed. I leave it to counsel to assay a reasonable figure for those hours. With regard to their work on appeal, I assume that discerning the time spent on that portion of the brief, etc., should be relatively straightforward.

## Conclusion

It is, accordingly,

ORDERED THAT:

1. Plaintiff's motion for an award of attorneys' fees and costs (Doc. 86) be, and the same hereby is granted in part and denied in part as provided herein;

2. Plaintiff's counsel shall submit a revised statement of fees and costs in accordance with this order on or before September 20, 2013; defendants to respond by October 7, 2013; plaintiff to reply by October 15, 2013.

So ordered.