KENNEDY, J., dissenting.
{¶ 1} Relator, Lauren Kesterson, has filed a petition for reasonable attorney fees under R.C. 149.43(C)(2)(b)(i) of the Ohio Public Records Act;1 she requests an award of $35,578.66. The majority grants attorney fees in the amount of $32,624.98. I would award $31,167.43. Because the respondent, Kent State University, disputes the amount of Kesterson's request, and because this court is denying some of the attorney fees Kesterson seeks, the majority should address Kent State's arguments and explain its decision. As it does in any other case, a written opinion promotes confidence in the parties and the public that this court's result is the product of reasoned analysis; also, a written opinion provides precedential guidance to future parties facing similar issues. Our jurisprudence in the area of attorney-fee calculation is fairly murky and would benefit from further illumination. Therefore, below is an explanation regarding the amount of attorney fees I would award.
I. Background
A. The mandamus cases
{¶ 2} On February 2, 2016, Kesterson sent Kent State a public-records request for personnel records of five university employees, records regarding any training provided to the varsity softball team pertaining to sexual harassment and sexual assault, and records regarding student-athlete reviews of the former varsity softball coach. State ex rel. Kesterson v. Kent State Univ., ___ Ohio St.3d ___, 2018-Ohio-5108, ___ N.E.3d ___, ¶ 2 ("Kesterson I"). On April 13, 2016, she sent a second request for public records, specifying 21 categories of additional public records she sought. State ex rel. Kesterson v. Kent State Univ., ___ Ohio St.3d ___, 2018-Ohio-5110, ___ N.E.3d ___, ¶ 2 ("Kesterson II"). Kesterson eventually filed two separate mandamus complaints, alleging in each that Kent State had failed to fully respond to her requests.
{¶ 3} On December 20, 2018, this court held that Kesterson's mandamus claims in both cases were moot because, during the course of the litigation in this court, Kent State had fully responded. Kesterson I at ¶ 20; Kesterson II at ¶ 18. However, in both cases, the court held that Kesterson was entitled to an award of attorney fees because pursuant to R.C. 149.43(C)(2)(b)(i), "[t]he court shall award reasonable attorney's fees * * * when * * * [t]he public office or person responsible for the public records failed to respond affirmatively or negatively to the public records request in accordance with the time allowed under division (B)." (Emphasis added.) See Kesterson I at ¶ 24; Kesterson II at ¶ 34. We held that a fee award "is not dependent upon the court having issued a judgment that orders compliance with the public-records law." (Emphasis sic.) Kesterson I at ¶ 24; Kesterson II at ¶ 34. Because Kent State had violated R.C. 149.43(B) by failing to provide the records "within a reasonable period of time," this court granted Kesterson's request for attorney fees. Kesterson I at ¶ 25; Kesterson II at ¶ 35. We wrote, "The court will make a final determination of the amount of attorney fees upon review of Kesterson's filing of an itemized application with independent evidence supporting the reasonableness of the hourly rates charged and the hours billed." Kesterson I at ¶ 25; Kesterson II at ¶ 35. We admonished Kesterson that "[a]ny person submitting an application for attorney fees should note that `fee applications submitted to this court should contain separate time entries for each task, with the time expended on each task denoted in tenths of an hour' and that `this court will no longer grant attorney-fee applications that include block-billed time entries.'" Kesterson I at ¶ 26, quoting State ex rel. Harris v. Rubino, ___ Ohio St.3d ___, 2018-Ohio-5109, ___ N.E.3d ___, ¶ 7, 14; Kesterson II at ¶ 36, quoting Harris at ¶ 7, 14.
B. The combined petition for attorney fees
{¶ 4} For both cases, Kesterson was represented by The Chandra Law Firm, L.L.C., of Cleveland. Subodh Chandra was counsel of record, but Ashlie Case Sletvold did the majority of work in litigating the cases, and partner Donald Screen prepared the combined reply brief. On January 9, 2019, Kesterson submitted a combined petition for attorney fees in the amount of $35,578.66 for the work of Chandra, Sletvold, and Screen.
{¶ 5} Kesterson attached 12 exhibits to her petition, including affidavits from each attorney who billed time on the case, as well as two itemized billing logs of the hours expended by her attorneys.2 Each time entry contains an itemized description of the work performed, reported in tenths of an hour. Kesterson also attached the affidavit of an experienced attorney, Donald J. McTigue, of McTigue & Columbo, L.L.C., attesting that the hours and billing rates were necessary and reasonable.
{¶ 6} According to the petition, Kesterson's counsel discounted 8.3 percent of the fee request for work performed before December 20, 2018, to account for this court's determination on that date that Kent State's objections-based on overbreadth-to 2 of the 24 requests at issue in the cases were appropriate. Kesterson II, ___ Ohio St.3d ___, 2018-Ohio-5108, ___ N.E.3d ___, at ¶ 28-29. The petition also notes that Kesterson is "not seeking to recover for time spent on the matter by former firm attorneys Marvin C. Brown IV or Peter Pattakos, or law clerk Brian Bardwell, who provided limited assistance during the representation (7.7 hours collectively)." Kesterson's counsel has also discounted the "time spent addressing e-filing issues with her presentation of evidence" and time spent preparing discovery requests and reviewing Kent State's responses to the discovery requests that Kesterson failed to submit as evidence (10.8 hours collectively). Lastly, the petition indicates that counsel has reduced by 50 percent the time entries for Screen to prepare the reply brief, which he was "enlisted to complete due to Ms. Sletvold's workload during the limited time frame to complete that project over the holidays in December 2017."
II. Law and Analysis
A. Determining Reasonable Attorney Fees
{¶ 7} To calculate the amount of reasonable attorney fees, this court engages in a two-step process. The first step requires the court to multiply "a reasonable hourly rate by the number of hours reasonably expended." Harris, ___ Ohio St.3d ___, 2018-Ohio-5109, ___ N.E.3d ___, at ¶ 3. The resulting number, the "`lodestar figure,'" id. at ¶ 29 (Kennedy, J., concurring in part and dissenting in part), quoting Sims v. Nissan N. Am., Inc., 2015-Ohio-5367, 55 N.E.3d 488, ¶ 22 (10th Dist.), "provides an initial estimate of the value of the lawyers' services," id. at ¶ 3. The second step of the analysis gives the court discretion to "adjust the fee upward or downward, based on the factors listed in Prof.Cond.R. 1.5(a)," id., citing Bittner v. Tri-County Toyota, Inc., 58 Ohio St.3d 143, 569 N.E.2d 464 (1991), syllabus. Prof.Cond.R. 1.5(a) sets forth factors to consider when determining whether a fee is reasonable:
(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) the fee customarily charged in the locality for similar legal services;
(4) the amount involved and the results obtained;
(5) the time limitations imposed by the client or by the circumstances;
(6) the nature and length of the professional relationship with the client;
(7) the experience, reputation, and ability of the lawyer or lawyers performing the services;
(8) whether the fee is fixed or contingent.
{¶ 8} Although Bittner and Harris describe consideration of the Prof.Cond.R. 1.5(a) factors as the second part of the attorney-fee-calculation process-after the number of hours reasonably expended on the litigation are multiplied by a reasonable hourly rate-the two steps "may overlap * * * because several of the reasonableness factors are often subsumed within the initial lodestar calculation * * *." Miller v. Grimsley, 197 Ohio App.3d 167, 2011-Ohio-6049, 966 N.E.2d 932, ¶ 14 (10th Dist.). I would hold that the factors included in Prof.Cond.R. 1.5(a)-rather than acting as a check to be employed on the initial fee estimate-should shape a court's determination of the reasonableness of the fees during the original calculation.
B. Kent State Disputed Matters
1. Hourly rates
{¶ 9} "A reasonable hourly rate is the prevailing market rate in the relevant community, given the complexity of the issues and the experience of the attorney." (Citations omitted.) Harris at ¶ 4. Kesterson seeks the following hourly rates for her attorneys, all from The Chandra Law Firm, L.L.C.: Sletvold ($400), Chandra ($500), and Screen ($500). Kesterson supports her petition for these rates with a number of documents, including the affidavit of McTigue, who has served as co-counsel with The Chandra Law Firm in a voting-rights matter involving attorney fees, see Northeast Ohio Coalition for the Homeless v. Husted, 831 F.3d 686, 714 (6th Cir.2016), who asserts that he has
considered the legal questions raised in these proceedings and the skill, reputation, and expertise of the attorneys involved. Based on my knowledge of the legal community in our state, the attorneys providing the services [in these cases] are experts in their professional areas of practice including public-records actions and civil-rights matters. The rates sought are reasonable and consistent with hourly rates charged by attorneys of comparable ability and experience in similar matters.
McTigue therefore provides evidence relevant to Prof.Cond.R. 1.5(a)(3) regarding the "fee customarily charged in the locality" and to Prof.Cond.R. 1.5(a)(7) regarding the "experience, reputation, and abilities of the lawyer or lawyers performing the services."
{¶ 10} Kent State argues that the hourly rates sought in this case are excessive, inflate the expertise required to litigate these cases, and are "not warranted * * * as a general matter in public records litigation * * *." Pointing to a recent public-records case, Cleveland Assn. of Rescue Emps./ILA Local 1975 v. Cleveland, 8th Dist. Cuyahoga No. 106783, 2018-Ohio-4602, ¶ 23, in which the Eighth District Court of Appeals approved hourly rates of between $130 and $180 for the prevailing attorneys, Kent State argues that the requested rates in this case are punitive rather than remedial. See 149.43(C)(2)(c) (attorney fee awards "shall be construed as remedial and not punitive").
{¶ 11} The Eighth District's affirmance of the requested hourly rates in Cleveland Assn. of Rescue Emps. does not preclude a determination that the hourly rates requested in this case are reasonable under the circumstances. Indeed, "because `the determination of a reasonable rate is difficult given wide variations in lawyers' experience, skill and reputation,' an attorney's `customary client billing rate is one reliable indicia of that attorney's prevailing market rate.'" Northeast Ohio Coalition v. Husted, S.D.Ohio Nos. 2:06-CV-00896 and 2:12-CV-00562, 2014 WL 4829597 (Sept. 29, 2014), *11, quoting West v. AK Steel Corp. Retirement Accumulation Pension Plan, 657 F.Supp.2d 914, 932 (S.D.Ohio 2009). Kesterson has provided a "representative engagement agreement" from March 2018, showing that the firm charged its clients in that case the hourly rates it is requesting here. Sletvold also notes in her affidavit that a federal district court recently approved the same hourly rates requested in this case in a "civil-rights case that included significant public-records work." According to the consent judgment, the defendants in that case stipulated that the hourly rates of $500 for Chandra and $400 for Sletvold were reasonable and appropriate.
{¶ 12} In a recent public-records case, this court approved an hourly rate of over $400 for an attorney with 22 years' experience and another with 30 years' experience.3 See State ex rel. Miller v. Bova, 151 Ohio St.3d 1523, 2018-Ohio-557, 91 N.E.3d 755. The requested hourly rates of $500 for Chandra and Screen (with 20 and 28 years of Ohio experience, respectively) and $400 for Sletvold (13 years of Ohio experience) are in the vicinity of the hourly rates approved in Miller. However, the public-records requests in these cases were much more complex, which is relevant in regard to Prof.Cond.R. 1.5(a)(1), which considers "the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly" as factors affecting the reasonableness of a fee. In Miller, the records request was for "all offense or incident reports in the possession, custody or control of the Cuyahoga County Sheriff's Office in which Edward FitzGerald was identified in any of the following capacities: (i) reportee; (ii) complainant; or (iii) victim" and this court determined that there were nine such reports subject to release. State ex rel. Miller v. Pinkney, 149 Ohio St.3d 662, 2017-Ohio-1335, 77 N.E.3d 915, ¶ 1, 4. In contrast, Kesterson made 24 separate requests, and unlike the request in Miller, many of Kesterson's requests involved multiple university employees as well as various types of records. Kesterson I, ___ Ohio St.3d ___, 2018-Ohio-5108, ___ N.E.3d ___, at ¶ 2; Kesterson II, ___ Ohio St.3d ___, 2018-Ohio-5110, ___ N.E.3d ___, at ¶ 2.
{¶ 13} McTigue's affidavit, coupled with the other evidence attached to the fee petition and the application of Prof.Cond.R. 1.5(a)(1), (3), and (7), demonstrates that the requested hourly rates of $500 for Chandra and Screen are reasonable. However, there is a discrepancy with Sletvold's rate. In her affidavit, Sletvold asserts that her hourly rate in 2018 was $400 but also asserts that her hourly rate in 2016 and 2017 was $375. In the fee application, Sletvold billed all of her time at an hourly rate of $400, but the bulk of the work in the underlying cases was done in 2016 and 2017. I would apply the $375 hourly rate to the work Sletvold did in 2016 and 2017 and the $400 hourly rate to the work she did in 2018 and 2019; those rates for Sletvold are reasonable.
2. The number of hours reasonably expended
{¶ 14} When awarding attorney fees, billing judgment is an important component for setting reasonable fees. "Hours not properly billed to a client are also not properly billed to an adversary." Harris, ___ Ohio St.3d ___, 2018-Ohio-5109, ___ N.E.3d ___, at ¶ 5. Moreover, this court should "exclude `hours that are excessive, redundant, or otherwise unnecessary.'" Id., quoting Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Kent State argues that some of the hours expended on these cases were excessive or unnecessary. Despite the noted reductions in the total hours expended to litigate these cases, the itemized billing records do include a small number of entries that are unreasonable.
a. Hours expended on the merits of the case
{¶ 15} Kesterson has provided this court with detailed documentation of the hours her counsel expended, supported by the affidavits of the three attorneys who billed time. Her petition and the supporting evidence demonstrate that counsel have made a good-faith effort to exclude excessive, redundant, or unnecessary hours and that overall, counsel exercised sound billing judgment. For instance, Sletvold attests that she "did not record all time spent conferring with my firm colleagues or with our client regarding the matter" and has "removed 31.9 hours of attorney time and law-clerk time, leaving 73.8 attorney hours for which we are seeking reimbursement." Included in the time Sletvold voluntarily removed were "hours spent dealing with technical issues encountered with e-filing Ms. Kesterson's presentation of evidence * * * as well as time invested in conducting discovery that we were unable to submit due to those technical difficulties." Sletvold also applied a 50 percent reduction to the hours expended by Screen, who drafted the reply brief "[g]iven the press of [Sletvold's] other work obligations" at that time. Sletvold "further discounted * * * the remaining time given the [c]ourt's conclusion that two of the 24 individual requests * * * were properly denied as overbroad." As those two requests accounted for 8.3 percent of the total requests, Kesterson's counsel subtracted 8.3 percent of the total hours worked prior to the announcement of our December 20, 2018 decisions from the bill.
{¶ 16} Counsel's exercise of billing judgment has made this court's task less difficult. Comparing the itemized billing records to Sletvold's attestations demonstrates that, in general, she voluntarily reduced the attorney-fee award sought beyond what was arguably necessary. See Hensley at 440 (admonishing that hours spent on an unsuccessful claim should be disallowed only when it "is distinct in all respects from [the] successful claims").
{¶ 17} Nonetheless, Kent State argues that some of the hours expended on these cases were excessive or unnecessary. And despite the noted reductions in the total hours Kesterson's attorneys expended to litigate these cases, the itemized billing records do include entries that are unreasonable. Specifically, Sletvold recorded 2.8 hours for drafting the complaint in case No. 2016-0615 (Kesterson I) and 2.3 hours for drafting the complaint in case No. 2016-1123 (Kesterson II). However, most of the complaint in case No. 2016-1123 appears to have been lifted verbatim from the complaint filed in case No. 2016-0615. Moreover, in both cases, Sletvold billed time to draft the initial records request, which she then appears to have simply copied and pasted into the complaints. Billing for the duplication of effort is most egregious in case No. 2016-1123: Sletvold billed 2.7 hours to draft the public-records request in addition to the 2.3 hours expended on the complaint, which was in large part lifted verbatim from the complaint filed in case No. 2016-0615. Accordingly, the amount of time Sletvold claims to have spent drafting the complaints is unreasonable and excessive and should be reduced. A reduction is consistent with the Prof.Cond.R. 1.5(a)(1) factor of "the skill requisite to perform the legal service properly"-here, in these limited instances, the apparent copying and pasting of complaint material was a repetitive task that did not require a sophisticated skillset. It should not have taken the amount of time allocated.
{¶ 18} Kent State argues that the court should disallow or "deeply discount[]" the four hours that Sletvold billed for travel to Columbus for mediation. This objection is unconvincing-had Kent State properly responded to Kesterson's public-records requests in the first place, the litigation would not have been necessary. Kent State points to Woods v. Willis, 981 F.Supp.2d 700 (N.D.Ohio 2013) for the proposition that travel time is not reimbursable. See id. at 703 ("Time spent traveling is not, in my view, reimbursable"). But a single statement, unsupported by further legal authority, id., in a federal district court case does not control this court's exercise of discretion in awarding reasonable fees here.
{¶ 19} Kent State also objects to an entry on October 31, 2016, where Sletvold billed .3 hours to "[r]eview list of KSU insurance policies and discuss with A. Sletvold." I would disallow that time for lack of relevant detail.
{¶ 20} Still, generally I would, like the majority, grant Kesterson the bulk of her requested attorney fees. An important factor in establishing the reasonableness of the fees is Prof.Cond.R. 1.5(a)(4), in which we consider "the amount involved and the results obtained." Kesterson's lawyers, in the end and through consistent effort, got Kesterson almost everything she sought in her records request.
b. Hours expended on fee petition
{¶ 21} Under R.C. 149.43(C)(2)(c), "[r]easonable attorney's fees shall include reasonable fees incurred to produce proof of the reasonableness and amount of the fees and to otherwise litigate entitlement to the fees." Accordingly, the petition requests attorney fees for the 14.2 hours that Chandra and Sletvold claim to have expended in preparing the fee petition and its exhibits.4
{¶ 22} The plain language of R.C. 149.43(C)(2)(c) requires only that the attorney fees claimed for producing and supporting a fee petition be reasonable. Here, the 14.2 hours billed for preparing the fee petition are equivalent to approximately 18 percent of the total time, 77.4 hours, billed for the merits case. Kesterson's counsel not only drafted a ten-page fee petition but also prepared four attorney affidavits, two highly detailed itemized billing charts, and several additional exhibits to support the fee application. Kent State asserts that "while no particular entry [in Kesterson's billing chart] is necessarily out of line with any other, the totality of the billing is indicative of Relator's overcomplicated approach to this straightforward public records litigation."
{¶ 23} The burden is squarely on Kesterson to demonstrate that the hours expended in preparing the fee petition were reasonable. This is another instance in which a limited application of the factors in Prof.Cond.R. 1.5(a)(1) is in order. Here, the whole of the fee-application preparation did not require expert legal knowledge or attention to difficult questions, and not every task required the time and labor spent by attorneys charging $400 or more per hour:
"It is appropriate to distinguish between legal work, in the strict sense, and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers but which a lawyer may do because he has no other help available. Such non-legal work may command a lesser rate. Its dollar value is not enhanced just because a lawyer does it."
Missouri v. Jenkins, 491 U.S. 274, 288, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989), fn. 10, quoting Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717 (5th Cir.1974).
{¶ 24} Many of the time entries regarding preparation of the fee application describe drafting the fee petition and the supporting records. There is little detail about how much of that time was spent writing the argument versus the time spent preparing charts and exhibits. An unknown portion of those more administrative tasks could have been performed by a nonlawyer. Accordingly, without some explanation from Kesterson's attorneys as to the reasonableness of the time entries regarding the preparation of the fee application in Exhibit 1C, reductions are appropriate.
3. Calculation of the initial estimate
{¶ 25} Based on the foregoing, with respect to the merits, I would disallow the 2.3 hours Sletvold recorded to draft the complaint for case No. 2016-1123 and the .3 hours entered for the ill-explained insurance discussion on October 31, 2016. For Sletvold's work in 2016 and 2017, I would allow a rate of $375 per hour, and for 2018, $400 per hour. With regard to the merits, this would result in awarding Kesterson the following fees: $20,823.33 for Sletvold (56.6 hours at $375/hour, but subject to the firm's self-imposed 8.3 percent discount [totaling $19,463.33] plus another 3.4 hours at $400/hour submitted with the fee-application-preparation bill but dealing with merit issues that arose after this court's opinions were released and which therefore were not subject to the 8.3 percent discount [totaling $1,360]); $650.20 for Chandra (1.2 hours at $500/hour subject to the 8.3 percent discount [$550.20] plus another .2 hours at $500/hour not subject to the 8.3 percent discount [$100]); and $6,143.90 for Screen (13.4 hours at $500/hour, less the 8.3 percent discount). The aggregate award therefore is $27,617.43 for the merits.
{¶ 26} As for the hours expended in preparing the fee petition, I would disallow the following entries in Kesterson's billing chart: 1.3 hours to "review billing records to isolate public-records/mandamus work for fee petition," an administrative task; 3.0 hours for two entries for "continue[d] drafting of fee petition and supporting materials," for lack of detail regarding time spent on argument versus time spent on preparation of exhibits; and 1.1 hours for "revisions to draft fee petition * * * and [to] transmit to D. McTigue for analysis and opinion," for lack of detail in distinguishing legal work from an administrative task. Therefore, I would subtract 5.4 hours from the 14.2 hours claimed for the fee petition and award the following fees: $3,400 for Sletvold (8.5 hours at $400/hour); and $150 for Chandra (.3 hours at $500/hour). The aggregate award would be $3,550 for work on the fee petition.
{¶ 27} Therefore, the total attorney-fee calculation before considering any further deduction would be $31,167.43.
C. Modifications to the initial estimate
{¶ 28} This court has held that once the court calculates the initial estimate, it has discretion to modify the calculation by applying the factors listed in Prof.Cond.R. 1.5(a). Harris, ___ Ohio St.3d ___, 2018-Ohio-5109, ___ N.E.3d ___, at ¶ 3; see also Sims, 2015-Ohio-5367, 55 N.E.3d 488, at ¶ 22. Again, I consider those factors more effectively employed in determining the initial estimate. Having considered those factors already, it is not necessary to make further adjustments.
D. Statutory Reductions
{¶ 29} This court, applying R.C. 149.43(C)(2)(c), can reduce the attorney fees if it finds that a "well-informed public office or person responsible for the requested public records reasonably would believe that the conduct * * * did not constitute a failure to comply" with a statutory obligation and that such conduct would "serve the public policy [underlying] the authority that [was] asserted as permitting that conduct." R.C. 149.43(C)(2)(c)(i) and (ii); see State ex rel. Cincinnati Enquirer v. Sage, 142 Ohio St.3d 392, 2015-Ohio-974, 31 N.E.3d 616, ¶ 37. Pursuant to R.C. 149.43(C)(1)(a) and (b), the same reduction factors apply to statutory damages, and we determined in these cases that those reduction factors did not apply to statutory damages in these cases. Kesterson I, ___ Ohio St.3d ___, 2018-Ohio-5108, ___ N.E.3d ___, at ¶ 22; Kesterson II, ___ Ohio St.3d ___, 2018-Ohio-5110, ___ N.E.3d ___, at ¶ 32. None of the arguments put forth by Kent State change our earlier view that no "well-informed public office or person responsible for the requested public records reasonably" would believe the conduct "did not constitute a failure to comply" with a statutory obligation. Therefore, statutory deductions do not apply.
III. Conclusion
{¶ 30} Kesterson submitted a detailed set of fee statements that followed our recently announced rule forbidding block-billing. The fee application contained separate time entries for each task, with the time expended on each task denoted in tenths of an hour. The propriety of the application was supported by independent evidence in the form of an affidavit from another attorney familiar with the practice area. I have quibbles with only a few of the entries. The greater part of my divergence from the majority's award can be attributed to Sletvold's billing rate; I would apply her 2016 and 2017 hourly rate of $375 to work she performed in those years. Subtracting the relevant amounts from the figure Kesterson seeks in her fee application, I would award $31,167.43 in attorney fees.