Per Curiam.
*296 {¶ 1} On September 7, 2018, we granted relators, Mark A. Harris, Richard N. Haig, Jacqueline L. Kogan, Cheryl L. Davis, and Travis Lane Maggard (the "committee"), their allowable costs and reasonable attorney fees under R.C. 733.61 in connection with their successful petition for a writ of mandamus ordering respondent *1070 Solon Director of Finance Matt Rubino to certify the sufficiency and validity of a zoning initiative petition to the Cuyahoga County Board of Elections. 155 Ohio St.3d 123, 2018-Ohio-3609, 119 N.E.3d 1238. The committee has filed an itemized application seeking a total of $106,172.50 in attorney fees and $1,256.65 in costs. We grant the application in part.
I. ANALYSIS
A. Scope of the Taxpayer Demand
{¶ 2} Respondents city of Solon, Solon City Council, and Rubino (the "city") do not attack the reasonableness of the attorneys' hourly rates or the amount of time expended. The city instead asks us to reject the committee's application because the committee's initial taxpayer-demand letter did not articulate the basis upon which this court ultimately granted a writ of mandamus. The city is incorrect: the taxpayer-demand letter sought the relief that this court later granted and it incorporated the reasoning that this court relied on. We find, moreover, that the committee "had good cause to believe that [its] allegations were well founded, [and that] they are sufficient in law," R.C. 733.61.
*297 B. Attorney Fees
{¶ 3} The committee is entitled to reasonable attorney fees under R.C. 733.61. To determine a reasonable fee, we begin by multiplying a reasonable hourly rate by the number of hours reasonably expended. Bittner v. Tri-County Toyota, Inc. , 58 Ohio St.3d 143, 145, 569 N.E.2d 464 (1991). The resulting figure provides an initial estimate of the value of the lawyers' services. Id. We may then adjust the fee award upward or downward, based on the factors listed in Prof.Cond.R. 1.5(a). See Bittner at syllabus. Ultimately, what factors to apply and what amount of fees to award are within our sound discretion. Id. at 146, 569 N.E.2d 464.
1. Reasonable Hourly Rates
{¶ 4} A reasonable hourly rate is the prevailing market rate in the relevant community, Blum v. Stenson , 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984), given the complexity of the issues and the experience of the attorney, see W. Unity ex rel. Beltz v. Merillat , 169 Ohio App.3d 71, 2006-Ohio-5105, 861 N.E.2d 902, ¶ 28-35 (6th Dist.). The committee has submitted the affidavit of an independent attorney attesting that its attorneys' rates are reasonable. After benchmarking them against rates recently approved for equally experienced attorneys in comparably complex cases, we agree. See, e.g. , Northeast Ohio Coalition for the Homeless v. Husted , 831 F.3d 686, 714-718 (6th Cir.2016) ; Palombaro v. Emery Fed. Credit Union , S.D.Ohio No. 1:15-CV-792, 2018 WL 5312687, *5-6, *10-12 (Oct. 25, 2018).
2. Hours Reasonably Expended
{¶ 5} Next we must determine the hours reasonably expended, that is, whether the hours submitted by the committee's attorneys were reasonable. Hours not properly billed to a client are also not properly billed to an adversary. Hensley v. Eckerhart , 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). We therefore exclude "hours that are excessive, redundant, or otherwise unnecessary." Id.
{¶ 6} This task is made extremely difficult in this case by counsel's use of block billing, i.e., "lumping multiple tasks into a single time entry," Tridico v. Dist. of Columbia , 235 F.Supp.3d 100, 109 (D.D.C.2017). Block billing is disfavored by many clients and courts, see e.g. , Caryl, Reconsidering Block-Billing Practices , Wash.St.B. News (Jan. 2011) 12, because "there is simply no way * * * to assess whether *1071 the time spent on each of those tasks was reasonable when they are lumped together," Tridico at 109. Some courts reject attorney-fee applications containing block-billed time entries. See, e.g. , Walker v. Gruver , M.D.Pa. Nos. 1:11-CV-1223 and 1:11-CV-1224, 2013 WL 5947623, *13 (Nov. 5, 2013) (collecting cases). Others apply across-the-board cuts to account for time unreasonably *298 billed. E.g. , Fulkerson v. Yaskawa Am., Inc. , S.D.Ohio No. 3:13-CV-130, 2015 WL 6408120, *6 (Oct. 23, 2015).
{¶ 7} We take this opportunity to clarify that this court will no longer grant attorney-fee applications that include block-billed time entries. Future fee applications submitted to this court should contain separate time entries for each task, with the time expended on each task denoted in tenths of an hour. Applications failing to meet these criteria risk denial in full.
{¶ 8} In its decision on the merits in this case, this court instructed the committee to exclude from its application any request for fees for preparing eight pages of the committee's reply brief that were stricken for exceeding the page limit. 155 Ohio St.3d 123, 2018-Ohio-3609, 119 N.E.3d 1238, at ¶ 36. The committee does so by reducing the number of hours spent on the reply brief by 28.57 percent, which is the percentage of the brief that was stricken. We approve of this methodology, but we find that the application undercounts the number of hours attributable to the reply brief, and we adjust the calculations accordingly.
{¶ 9} In addition, we find that the hours in the committee's application warrant substantial reductions. The application includes a significant number of interoffice communications between the committee's two law firms and intraoffice communications among lawyers at each firm that were double- or triple-billed. See Howe v. Akron , N.D.Ohio No. 5:06-cv-2779, 2016 WL 916701, *11 (Mar. 10, 2016), aff'd , 705 Fed.Appx. 376 (6th Cir.2017). It also includes a strikingly high number of instances in which two or more experienced attorneys at one of the committee's law firms billed a similar amount of time on the same day for performing the exact same tasks. See Northeast Ohio Coalition , 831 F.3d at 704 ; Howe at *11. While a divide-and-conquer approach is understandable in an expedited case, the application instead reflects multiple attorneys performing the same tasks at the same times. The application also contains a small number of public-relations tasks that should not have been included in a bill for attorney fees, see Gunasekera v. Irwin , 774 F.Supp.2d 882, 890-891 (S.D.Ohio 2011), and paralegal tasks that should have been billed at paralegal rates, see Howe at *15.
{¶ 10} We conclude that the degree of overbilled communication and, in particular, the extent of the duplicative staffing merits substantial reductions of 30 percent for the hours of Donald J. McTigue, Derek S. Clinger, Benjamin F.C. Wallace, and Robert T. McDowall, and 50 percent for the hours of Majeed G. Makhlouf, Jordan Berns, Sheldon Berns, and Benjamin J. Ockner. See Howe at *17 (collecting cases).
3. Calculations
{¶ 11} Taking into account the reductions discussed above, we calculate the initial reasonable-fee estimate for each attorney and the total figure as follows.
*299 *1072 Attorney Reasonable Reasonable Rate Reasonable-Fee Hours Estimate Donald J. 20.0 hours × $550 = $11,000 McTigue Derek S. Clinger 49.3 hours × $250 = $12,325 Ben F.C. Wallace 4.0 hours × $200 = $800 Majeed G. 42.9 hours × $350 = $15,015 Makhlouf Jordan Berns 46.5 hours × $350 = $16,275 Sheldon Berns 3.6 hours × $450 = $1,620 Benjamin J. 1.6 hours × $325 = $520 Ockner Robert T. 7.6 hours × $250 = $1,900 McDowall TOTAL 175.5 hours $58,655
{¶ 12} We find that the relevant Prof.Cond.R. 1.5(a) factors are subsumed within our initial calculation. Therefore, we will not further adjust the award based on those factors. See Miller v. Grimsley , 197 Ohio App.3d 167, 2011-Ohio-6049, 966 N.E.2d 932, ¶ 14 (10th Dist.).
C. Costs
{¶ 13} The committee seeks costs for (1) filing fees, (2) court-reporter fees for having two city-council meetings transcribed, and (3) postage and conference-call expenses. The committee's filing fees will be refunded, see S.Ct.Prac.R. 12.05(A)(2)(c), so we need not award them as costs. Expenses for necessary transcripts of proceedings are allowable as costs under R.C. 2303.21. However, we find that the council-meeting transcripts, only one of which was submitted to the court, were not necessary. Postage and conference-call expenses, moreover, are not generally allowable as costs. E.g. , State v. Sewell , 4th Dist. Ross No. 11CA3207, 2011-Ohio-5532, 2011 WL 5135252, ¶ 15.
*300 II. CONCLUSION
{¶ 14} In light of the foregoing, we grant in part the application for attorney fees and deny the application for costs. We award relators $58,655 in attorney fees. In addition, we give notice that this court will no longer grant attorney-fee applications that include block-billed time entries.
Application granted in part and denied in part.
O'Connor, C.J., and French, Fischer, and DeGenaro, JJ., concur.
Kennedy, J., concurs in part and dissents in part, with an opinion.
DeWine, J., concurs in part and dissents in part and would not award attorney fees for activities done before July 31, 2018, the date that relators were notified that Solon's law director had rejected their demand, but in all other respects concurs in the majority opinion.
O'Donnell, J., dissents, with an opinion.