[Cite as *Harbour Light Condominium No. 4. v. Cavallo*, 2022-Ohio-1501.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

|  |  |  |
|---|---|---|
| HARBOUR LIGHT CONDOMINIUM NO. 4, | : | |
| Plaintiff-Appellant, | : | No. 110870 |
| v. | : | |
| JEFFREY A. CAVALLO, | : | |
| Defendant-Appellee. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** May 5, 2022

Civil Appeal from the Cuyahoga County Common Pleas Court
Case No. CV-20-936866

### *Appearances:*

Ott & Associates, Co., LPA, Steven M. Ott, Christina Pochemsaniy, and Garth Woodson, *for appellant.*

SEAN C. GALLAGHER, A.J.:

{¶ 1} Plaintiff-appellant Harbour Light Condominium No. 4 ("Harbour Light") appeals the decision of the Cuyahoga County Court of Common Pleas that denied its request for attorney fees. Because we find the trial court abused its discretion in denying an award of attorney fees in this particular matter, we reverse

the trial court's decision and remand the matter to the trial court for a determination of reasonable attorney fees to be awarded.

## I.    Background

{¶ 2}    Jeffrey A. Cavallo is the titled owner of a Harbour Light condominium unit. On June 10, 2020, Cavallo was sent an enforcement letter informing him about complaints of "a strong odor of cat urine permeating into neighboring Units from [Cavallo's] Unit" that has "caused nuisance" and interfered with "the other Owner's peaceable enjoyment of living." The notice demanded Cavallo remove the source of the odor that "has been ongoing for more than six months" and abide by the Declaration of Condominium Ownership ("the Declaration"). Cavallo failed to rectify the problem.

{¶ 3}    On September 4, 2020, Harbour Light filed a verified complaint for injunctive relief against Cavallo; motion for temporary restraining order, preliminary injunction, and permanent injunction; and expedited request for hearing on preliminary injunction. Among other allegations, Harbour Light alleged that "[u]pon information and belief, there is a strong odor of cat urine coming from Cavallo's unit," the Cuyahoga County District Board of Health responded to complaints and the sanitarian who inspected the residence noted an immediate and pungent cat-urine odor, the odor was again noted during a follow-up inspection, Cavallo disclosed that he had ten cats living in his condominium unit, and Cavallo was in violation of the Declaration of Condominium Ownership's nuisance provision.

**{¶ 4}** Article 3 Section C of the Declaration provides that

[n]o noxious or offensive activity shall be carried on in any Unit or its accessory limited common areas and facilities, nor shall any other activity be permitted therein which shall result in annoyance or nuisance to the owners or occupants of other Units.

**{¶ 5}** Harbour Light sought a declaratory judgment, a temporary restraining order and preliminary injunction, and a permanent injunction, as well as "an award of reasonable attorney fees, costs, expenses" and other relief. Affidavits and documents were attached to the verified complaint substantiating the allegations.

**{¶ 6}** On September 16, 2020, the trial court denied Harbour Light's motion for temporary restraining order and preliminary injunction and ordered the case "to proceed to a normal case management conference and trial schedule." Thereafter, on January 26, 2021, the trial court denied a second motion filed by Harbour Light for a temporary restraining order, preliminary and permanent injunction, and the court set a dispositive-motion deadline on the remaining claim for declaratory judgment.

**{¶ 7}** Cavallo failed to plead or otherwise defend in the action. On March 9, 2021, Harbour Light filed a motion for default judgment seeking a declaratory judgment "that Cavallo is in violation of the Declaration of Condominium Ownership, and requiring Cavallo have his unit professionally cleaned to permanently remove the noxious cat urine odor and further maintain his unit in a

clean and sanitary manner." Harbour Light also sought reasonable attorney fees and requested a hearing to determine the amount.

{¶ 8} On June 15, 2021, the trial court granted the motion for default judgment. The trial court found "[Cavallo] * * * to be in default to the only remaining claim, Count 1 for declaratory judgment" and ordered Harbour Light to file a brief for damages. Harbour Light filed a brief in support of attorney fees with leave of court, requested attorney fees in the amount of $6,638, and included an affidavit in support with an itemized statement of activities performed and attorney fees assessed.

{¶ 9} On August 31, 2021, the trial court issued a judgment entry that granted plaintiff "default on Count 1 for declaratory action" and found Cavallo "to be in violation of Article 3, Section C of the Declaration of Condominium Ownership for Harbour Light Condominium No. 4." The court also stated it "has previously denied plaintiff's motion for temporary restraining order as well as motion for preliminary and permanent injunction." The court determined "[n]o attorneys fees will be awarded" and ordered "court cost assessed to the defendant(s) and plaintiff(s)." Harbour Light timely filed this appeal.

## II. Law and Analysis

{¶ 10} Under its sole assignment of error, Harbour Light claims the trial court erred by refusing to award attorney fees to Harbour Light.

{¶ 11} Generally, "[a] trial court's award of attorney fees is reviewed for an abuse of discretion." *Rummelhoff v. Rummelhoff*, 1st Dist. Hamilton Nos. C-210112

and C-210176, 2022 Ohio App. LEXIS 516, 23 (Feb. 25, 2022), citing *Burroughs v. Burroughs*, 1st Dist. Hamilton Nos. C-990001 and C-990031, 2000 Ohio App. LEXIS 868 (Mar. 10, 2000). "To prove abuse of discretion, the appealing party must show that the lower court's decision to grant attorney fees was unreasonable, arbitrary, or unconscionable." *State ex rel. Davis v. Metzger*, 145 Ohio St.3d 405, 2016-Ohio-1026, 49 N.E.3d 1293, ¶ 10, citing *State ex rel. Cydrus v. Ohio Pub. Emps. Retirement Sys.*, 127 Ohio St.3d 257, 2010-Ohio-5570, 938 N.E.2d 1028, ¶ 28.

{¶ 12} R.C. 5311.19(A) provides in relevant part:

All unit owners * * * of a condominium property * * * shall comply with all covenants, conditions, and restrictions set forth * * * in the declaration, the bylaws, or the rules of the unit owners association, as lawfully amended. Violations of those covenants, conditions, or restrictions shall be grounds for the unit owners association * * * to commence a civil action for damages, injunctive relief, or both, *and an award of court costs and reasonable attorney's fees in both types of action.*

(Emphasis added.) Thus, if a condominium association prevails in such an action against a unit owner, "it can recover its reasonable attorney fees from the condominium owner." *Olentangy Condominium Assn. v. Lusk*, 10th Dist. Franklin No. 09AP-568, 2010-Ohio-1023, ¶ 36, citing *Acacia on the Green Condominium Assn., Inc. v. Gottlieb*, 8th Dist. Cuyahoga No. 92145, 2009-Ohio-4878, ¶ 49; *Montgomery Towne Homeowners' Assn., Inc. v. Greene*, 1st Dist. Hamiton No. C-070568, 2008-Ohio-6905, ¶ 10, 22.

{¶ 13} The Supreme Court of Ohio has observed:

> "It is well settled that where a court is empowered to award attorney fees by statute, the amount of such fees is within the sound discretion of the trial court. Unless the amount of fees determined is so high or so low as to shock the conscience, an appellate court will not interfere. The trial judge which participated not only in the trial but also in many of the preliminary proceedings leading up to the trial has an infinitely better opportunity to determine the value of services rendered by lawyers who have tried a case before him than does an appellate court."

*Bittner v. Tri-County Toyota, Inc.*, 58 Ohio St.3d 143, 146, 569 N.E.2d 464 (1991), quoting *Brooks v. Hurst Buick-Pontiac-Olds-GMC, Inc.*, 23 Ohio App.3d 85, 91, 491 N.E.2d 345 (12th Dist.1985). The procedure to determine reasonable attorney fees was explained in *State ex rel. Harris v. Rubino*, 156 Ohio St.3d 296, 2018-Ohio-5109, 126 N.E.3d 1068, ¶ 3:

> To determine a reasonable fee, [the court] begin[s] by multiplying a reasonable hourly rate by the number of hours reasonably expended. *Bittner v. Tri-Cty. Toyota, Inc.*, 58 Ohio St.3d 143, 145, 569 N.E.2d 464 (1991). The resulting figure provides an initial estimate of the value of the lawyers' services. *Id.* [The court] may then adjust the fee award upward or downward, based on the factors listed in Prof.Cond.R. 1.5(a). *See Bittner* at syllabus.

{¶ 14} In this action, the trial court granted Harbour Light's motion for default judgment and found Cavallo violated Article 3, Section C of the Declaration. Harbour Light requested an award of attorney fees against Cavallo in the amount of $6,638. The trial court ordered Harbour Light to file a brief for damages, and Harbour Light filed a brief in support of attorney fees with a supporting affidavit from counsel and an itemized billing statement. Despite producing sufficient evidence to support an award of reasonable attorney fees, Harbor Light's request was denied.

{¶ 15} Harbour Light brought this action because Cavallo was in violation of Article 3, Section C of the Declaration and failed to take appropriate measures to remove the source of the pungent, noxious odor, which resulted in an annoyance and nuisance to the owners or occupants of other condominium units. Although the trial court indicated it had denied Harbour Light's previous two motions for temporary restraining order, preliminary and permanent injunction, as Harbour Light argues, it was not required to prevail on all claims in order to be awarded reasonable attorney fees authorized by R.C. 5311.19(A). Attorney time that is "unreasonably expended" generally is considered time that is duplicative, unnecessary, or excessive given the tasks performed. *See Alcorso v. Correll*, 8th Dist. Cuyahoga No. 110218, 2021-Ohio-3351, ¶ 43, citing *Bales v. Forest River*, Inc., 8th Dist. Cuyahoga No. 107896, 2019-Ohio-4160, ¶ 20. It appears from the record that the trial court disregarded the itemized billing entries that were provided and summarily denied the request for attorney fees without giving any consideration to the value of the lawyers' services or to the factors listed in Prof.Cond.R. 1.5(a). "A decision is unreasonable if there is no sound reasoning process that would support that decision." *AAAA Ents., Inc. v. River Place Community Urban Redevelopment*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 16} We understand that different trial judges can, and have, come to different conclusions on the merits of awarding attorney fees. We also understand that this is an experienced jurist who might have felt attorney fees were not warranted for a problem like the one presented in this scenario. Nevertheless,

attorney fees are recoverable in this matter, and we are compelled to apply the statutory language in R.C. 5311.19(A). Although the amount of such fees is within the sound discretion of the trial court, awarding zero when the billing records submitted reflect that the work performed in this matter was fair and reasonable is an abuse of discretion.

{¶ 17} In light of these facts, we find that the trial court's decision to deny Harbour Light's request for an award of reasonable attorney fees is unreasonable and shocks the conscience of the court. Harbour Light's argument is found to be with merit, the assignment of error is sustained, and the decision of the trial court to award no attorney fees is reversed.[1]

{¶ 18} We conclude that Harbour Light is entitled to an award of reasonable attorney fees in this action. The cause is remanded for the trial court to determine the value of the services rendered and to award reasonable attorney fees to Harbour Light. The trial court is instructed to follow the procedure set forth in *State ex rel. Harris*, 156 Ohio St.3d 296, 2018-Ohio-5109, 126 N.E.3d 1068, at ¶ 3.

{¶ 19} Judgment is reversed with regard to the denial of attorney fees. Case is remanded to the trial court with instructions to award reasonable attorney fees to Harbour Light.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

---

[1] We make no determination of whether the $6,638 requested by Harbour Light is a reasonable amount. On remand, the trial court must determine the amount of reasonable attorney fees to be awarded.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, ADMINISTRATIVE JUDGE

FRANK DANIEL CELEBREZZE, III, J., and
KATHLEEN ANN KEOUGH, J., CONCUR