[Cite as *Sunset Cove Community Assn., Inc. v. Whetzel*, 2022-Ohio-2738.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| SUNSET COVE COMMUNITY ASSOCIATION, INC., | CASE NO. 2021-L-123 |
| Plaintiff-Appellee/ Cross-Appellant, | Civil Appeal from the Court of Common Pleas |
| - v - | |
| DANIEL WHETZEL, et al., | Trial Court No. 2018 CF 001009 |
| Defendant-Appellant/ Cross-Appellee. | |

**O P I N I O N**

Decided: August 8, 2022
Judgment: Affirmed

*Robert P. Lynch, Jr.*, Gallagher Sharp LLP, 1215 Superior Avenue, 7th Floor, Cleveland, OH 44114 (For Plaintiff-Appellee).

*Lindsey A. Wrubel*, Eques, Inc., 5989 County Road 77, Millersburg, OH 44654 (For Plaintiff-Appellee/Cross-Appellant).

*Bradley Hull, IV*, Cavitch, Familo & Durkin Co., LPA, 1300 East Ninth Street, 20th Floor, Cleveland, OH 44114 (For Defendant-Appellant/Cross-Appellee).

MARY JANE TRAPP, J.

{¶1} Defendant-appellant/cross-appellee, Daniel Whetzel ("Mr. Whetzel"), and plaintiff-appellee/cross-appellant, Sunset Cove Community Association, Inc. ("Sunset Cove"), appeal from the judgment entry and decree in foreclosure of the Lake County Court of Common Pleas. Following a bench trial, the trial court ruled in favor of Sunset Cove on its claims and on Mr. Whetzel's counterclaims and awarded Sunset Cove $3,383.68 in damages, including $1,940 in attorney fees.

{¶2} Mr. Whetzel asserts one assignment of error, contending the trial court abused its discretion in ruling in Sunset Cove's favor and failing to rule in his favor. Sunset Cove asserts one cross-assignment of error, contending the trial court abused its discretion in failing to award attorney fees in its requested amount of $16,401.

{¶3} After a careful review of the record and pertinent law, we find as follows:

{¶4} (1) We construe Mr. Whetzel's assignment of error as challenging the weight of the evidence. Mr. Whetzel has not established the trial court's judgment is against the manifest weight of the evidence. The trial court's findings were supported by competent, credible evidence in the record, and the trial court did not lose its way or create a manifest miscarriage of misjustice in weighing the conflicting evidence or in its credibility determinations.

{¶5} (2) Sunset Cove has not established the trial court abused its discretion in awarding attorney fees of $1,940.

{¶6} Thus, we affirm the judgment of the Lake County Court of Common Pleas.

**Substantive Facts and Procedural History**

{¶7} Sunset Cove is a homeowners' association for the Sunset Cove Community development in Eastlake, Ohio. Property owners within the development are subject to Sunset Cove's "Declaration of Covenants, Conditions and Restrictions" ("Declaration"), bylaws, and "Booklet of Property Information, Rules and Regulations" ("rules and regulations").

{¶8} In 2012, Mr. Whetzel purchased a unit within the development. Disagreements between Mr. Whetzel and Sunset Cove arose almost immediately.

{¶9} The parties' primary dispute involved water and sewer charges. Sunset Cove receives one bill from Lake County based on a water meter serving the entire

2

development. Each of the development's 34 units has a separate water meter. Owners must provide a quarterly meter reading to Sunset Cove's property manager, Quality Community Management, Inc. ("QCM"). QCM inputs the readings into a spreadsheet, calculates each owner's usage, and generates invoices. If an owner fails to provide a timely meter reading, QCM assesses a $200 estimated charge. If the owner subsequently provides a meter reading within that quarter, QCM removes the $200 assessment and uses that reading.

**{¶10}** According to Sunset Cove, Mr. Whetzel and his tenants repeatedly failed to timely report quarterly meter readings, and Mr. Whetzel failed to pay his water and sewer bills. According to Mr. Whetzel, however, QCM's billing and accounting methods were inaccurate, and QCM repeatedly failed to address his stated concerns.

**{¶11}** Related to this dispute, QCM's owner, Mary Miragliotta ("Ms. Miragliotta"), blocked receipt of Mr. Whetzel's emails based on his alleged "belligerence" and ordered her staff to do the same. As a result, Sunset Cove's counsel began collecting Mr. Whetzel's meter readings and sending his invoices. Attorney fees relating to counsel's activities were subsequently charged to Mr. Whetzel's account.

**{¶12}** A second dispute involved Mr. Whetzel's nonpayment of fees, including assessments for alleged violations of Sunset Cove's rules and regulations, maintenance fees, late fees, and attorney fees. Mr. Whetzel disputed the validity of these charges.

**{¶13}** A third dispute involved $500 held in escrow at Valley Title and Escrow Agency ("Valley Title") pending Mr. Whetzel's completion of maintenance work to his deck. According to Mr. Whetzel, QCM never instructed Valley Title to release the escrowed funds to him. According to Sunset Cove, however, Mr. Whetzel never provided notification he had completed the required maintenance work.

3

{¶14} In 2014, Sunset Cove recorded a certificate of lien with the Lake County Recorder for Mr. Whetzel's alleged nonpayment of "assessments and/or special charges" in the amount of $954.50 plus interest.

{¶15} In 2018, Sunset Cove filed a foreclosure complaint against Mr. Whetzel and others[1] in the trial court. Sunset Cove sought a monetary judgment for unpaid maintenance fees and assessments, which totaled $1,923.70 as of June 11, 2018, and foreclosure of its lien. Mr. Whetzel filed an answer denying Sunset Cove's allegations and asserted counterclaims for breach of contract, unjust enrichment, conversion, negligence with willful and wanton misconduct, and breach of fiduciary duty. The trial court twice referred the matter to mediation, which was unsuccessful.

{¶16} Following discovery, Sunset Cove filed a motion for summary judgment on Mr. Whetzel's counterclaims, which Mr. Whetzel opposed. The trial court filed a judgment entry granting summary judgment to Sunset Cove on Mr. Whetzel's claims for negligence and breach of fiduciary duty but denying summary judgment on Mr. Whetzel's claims for breach of contract, unjust enrichment, and conversion.

{¶17} In 2021, the matter proceeded to a bench trial on Sunset Cove's claims and on Mr. Whetzel's remaining counterclaims. Sunset Cove presented testimony from David Clair ("Mr. Clair"), a former board member and officer of Sunset Cove; Gavin Goszka ("Mr. Goszka"), an employee of QCM; and Ms. Miragliotta. Mr. Whetzel presented testimony from Michelle Taylor, an agent at Valley Title; himself; and Ms. Miragliotta. Both sides also submitted documentary evidence.

---

1. Sunset Cove also named as defendants Mr. Whetzel's unknown spouse, if any, his unknown tenants, Mortgage Electronic Registration Systems, Inc., and the Lake County Treasurer, none of which are parties to this appeal.

4

Case No. 2021-L-123

{¶18} Following the bench trial, the trial court ordered the parties to submit briefs addressing their respective claims for attorney fees. Sunset Cove requested attorney fees and expenses totaling $16,401.

{¶19} The trial court filed a judgment entry finding in favor of Sunset Cove on its claims and on Mr. Whetzel's counterclaims and awarding it damages of $3,383.68 plus costs. This amount consisted of $668.68 in unpaid water and sewer charges; a $50 assessment relating to a prohibited window air conditioner; $65 for underpayment of maintenance fees; $660 in late fees (i.e., $20 per month over 33 months); and $1,940 in attorney fees (i.e., $590 incurred prior to Sunset Cove's filing of the complaint and $1,350 from filing through the bench trial).

{¶20} Although Sunset Cove had requested a much larger amount of damages, the trial court found that it failed to meet its burden of proof for certain charges. For instance, the trial court found Mr. Whetzel was not liable for $1,000 assessed for his alleged failure to submit meter readings or for any assessments based on his alleged failures to disclose tenant information.

{¶21} With respect to attorney fees, the trial court found Sunset Cove was entitled to fees incurred in attempting to collect past due fees from Mr. Whetzel, including through the foreclosure, but not for fees incurred for communications made in place of QCM. It further found that the bills Sunset Cove submitted in support of its request lacked sufficient detail to determine the work counsel performed and whether it related to the foreclosure or communications. Finally, the trial court found that Sunset Cove's request for over $14,000 in attorney fees was "grossly excessive," especially given that Mr. Whetzel owed approximately $2,000 at the time Sunset Cove filed its foreclosure complaint.

5

{¶22} The trial court held the issue of foreclosure in abeyance for 30 days to permit Mr. Whetzel to make payment in full. Mr. Whetzel appealed, which this court dismissed for lack of a final appealable order. *See Sunset Cove Community Assn., Inc. v. Whetzel*, 11th Dist. Lake No. 2021-L-085, 2021-Ohio-3658. The trial court subsequently filed a judgment entry and decree in foreclosure. Mr. Whetzel appealed from that entry and raises the following assignment of error:

{¶23} "The Trial Court abused its discretion in finding that Defendant-Appellant Daniel Whetzel breached any agreement with Plaintiff-Appellee Sunset Cove Community Association, Inc. entitling Plaintiff-Appellee to financial damages and the right of foreclosure, and that Plaintiff-Appellee Sunset Cove Community Association, Inc. did not violate any of Defendant-Appellant Daniel Whetzel's rights such that Defendant-Appellant Daniel Whetzel was entitled to no financial damages against Plaintiff-Appellee."

{¶24} Sunset Cove cross-appealed and raises the following cross assignment of error:

{¶25} "The Trial Court erred in finding that the attorney fees of approximately $14,000 incurred by Plaintiff-Appellee/Cross-Appellant were grossly excessive, and that the Association was only entitled to a fraction of legal fees incurred due to Defendant-Appellee's delinquency."

**Manifest Weight of the Evidence**

{¶26} In his sole assignment of error, Mr. Whetzel contends that the trial court abused its discretion in entering judgment in Sunset Cove's favor and failing to enter judgment in his favor. We construe Mr. Whetzel's assignment of error as challenging the weight of the evidence.

6

Case No. 2021-L-123

## *Standard of Review*

{¶27} Under a manifest-weight-of-the-evidence standard of review, "'[t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris Co. v. Foley Const. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978), syllabus.

{¶28} "[W]hen reviewing a judgment under a manifest-weight-of-the-evidence standard, a court has an obligation to presume that the findings of the trier of fact are correct." *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 24. "This presumption arises because the trial judge had an opportunity 'to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.'" *Id.*, quoting *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984). "A reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not." *Seasons Coal Co.* at 81.

Case No. 2021-L-123

### *Law and Analysis*

**{¶29}** Sunset Cove's claims against Mr. Whetzel were premised on his alleged breaches of its Declaration, bylaws, and rules and regulations. To establish breach of contract, Sunset Cove was required to establish (1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damages. *Huffman v. Kazak Bros. Inc.*, 11th Dist. Lake No. 2000-L-152, 2002 WL 549858, *4 (Apr. 12, 2002).

**{¶30}** Mr. Whetzel first argues that Sunset Cove did not prove that the rules he allegedly violated were binding. However, courts have held that the declarations and bylaws of a homeowners' association are contracts between the association and purchasers. *Lisy v. Mayfair Estates Homeowners Assn., Inc.*, 9th Dist. Summit No. 25392, 2012-Ohio-68, ¶ 29 (Dickson J., concurring in part). Mr. Clair authenticated Sunset Cove's recorded Declaration, which was admitted into evidence. The Declaration provides that all properties in the development are conveyed subject to its "easements, restrictions, covenants, and conditions." Article IV, section (b) authorizes Sunset Cove to "promulgate rules and regulations together with enforcement provisions including the right to set fines, governing the operation and use of the Property and the Parcels or any portion thereof." Mr. Whetzel acknowledged at trial and concedes in his appellate brief that he was subject to Sunset Cove's Declaration and rules and regulations. Therefore, the binding nature of the Declaration and the rules and regulations cannot reasonably be disputed.

**{¶31}** Mr. Whetzel also argues that Sunset Cove did not prove the existence of the specific rules that he allegedly violated.

8

Case No. 2021-L-123

{¶32} As indicated, the trial court found Mr. Whetzel liable for $668.68 in unpaid water and sewer charges. Article VIII, section (c) of the Declaration provides that each owner shall "pay water and sewer charges for his Unit * * *."

{¶33} The trial court also found Mr. Whetzel liable for a $50 assessment relating to a prohibited window air conditioner; $65 for underpayment of maintenance fees; and $660 in late fees (i.e., $20 per month over 33 months). Mr. Clair authenticated Sunset Cove's rules and regulations, which were admitted into evidence. Section 51.G. states that "window air conditioning units and fans are prohibited." Section 8.B.1 states that "[t]he Unit Owner shall be responsible for any violation of the Declaration, Bylaws or Rules by the Unit Owner, guests, or the residents of his/her Unit." Section 8.B.4.b. authorizes Sunset Cove to "[l]evy a reasonable enforcement assessment per occurrence" in the event of a rule violation. In addition, section 28.B. requires unit owners to pay a monthly maintenance fee, and section 28.D. authorizes Sunset Cove to charge an "administrative late charge" of $20 per month for "any late payment and on any unpaid balance." Thus, competent, credible evidence in the record supports the trial court's findings, namely the express provisions in the Declaration and the rules and regulations.

{¶34} Mr. Whetzel next argues that Sunset Cove failed to send "lawful notice (or any notice) of most of the claimed rule violations" and ignored his requests for a review.

{¶35} Section 28.B.5. of the rules and regulations contains provisions that must be followed "[p]rior to the imposition of an assessment for a rule violation," including written notice and a hearing upon request. The trial court found that Mr. Whetzel was *not liable* for the tenant disclosure assessment and that Mr. Whetzel testified he would not challenge the window air conditioner assessment. The latter finding is supported by the trial transcript. Thus, any alleged lack of due process was rendered moot.

9

{¶36} Further, Ms. Miragliotta authenticated several letters at trial that were admitted into evidence, two of which referenced the prohibited window air conditioner. She testified that she mailed these letters to Mr. Whetzel, they were not returned to her office, and Mr. Whetzel did not request a hearing. Mr. Whetzel testified that he did not receive any of the letters but also that he requested a hearing at some unidentified point in time. To the extent the trial court found Ms. Miragliotta's testimony to be more credible on this issue, we conclude it did not clearly lose its way or create a manifest miscarriage of justice.

{¶37} Mr. Whetzel next argues that Sunset Cove did not prove that he breached any obligation owed to it. Specifically, he contends that Sunset Cove did not present evidence of its mathematical formula for calculating water and sewer invoices or evidence of its meter readings. By contrast, he showed proof of all of his readings.

{¶38} With respect to the mathematical formula, Mr. Goszka testified that it existed within an Excel spreadsheet created prior to his employment at QCM. Ms. Miragliotta also testified that QCM computed water and sewer invoices by using the spreadsheet. Thus, competent, credible evidence in the record supports the existence of QCM's mathematical formula.

{¶39} With respect to the meter readings, the trial court stated, "it appears that QCM did not retain the readings [Mr. Whetzel] submitted, even though there was an ongoing dispute." It also stated that Mr. Whetzel "submitted a stack of documents that included photographs of the meter," but noted "these were undated and did not show that they were transmitted to QCM." The trial court further found that Mr. Whetzel stopped making payments toward his water and sewer bills in July 2017 and that Mr. Goszka audited all of Mr. Whetzel's water and sewer bills and did not discover any errors in the

10

calculations. It ultimately found Mr. Whetzel liable for $668.68 in unpaid water and sewer charges but not for $1,000 in estimated meter readings. Thus, the trial court effectively found Sunset Cove's invoices to be more credible than Mr. Whetzel's evidence. Upon review, we conclude that the trial court did not clearly lose its way or create a manifest miscarriage of justice in reconciling this evidence.

{¶40} Finally, Mr. Whetzel challenges the trial court's findings on his counterclaims for unjust enrichment and conversion, which involved the $500 sum held in escrow at Valley Title. According to Mr. Whetzel, he showed proof that he completed the deck maintenance obligations and notified Sunset Cove.

{¶41} Mr. Whetzel's "proof" consisted solely of his own trial testimony. The trial court found Mr. Whetzel failed to meet his burden of proof to establish he completed the necessary repairs because he provided no photos showing the condition of the deck after he made the alleged repairs, while Sunset Cove submitted recent photos showing that the deck was stained in a prohibited color and was in disrepair. Thus, the trial court effectively found that Mr. Whetzel's testimony lacked credibility and/or was outweighed by conflicting evidence. Upon review, we conclude that the trial court did not clearly lose its way or create a manifest miscarriage of justice in doing so.

{¶42} In sum, Mr. Whetzel has not established that the trial court's judgment is against the manifest weight of the evidence.

{¶43} Mr. Whetzel's sole assignment of error is without merit.

### Attorney Fees

{¶44} In its cross-assignment of error, Sunset Cove contends that the trial court abused its discretion in awarding $1,940 in attorney fees rather than $16,401 as requested.

11

Case No. 2021-L-123

### *Standard of Review*

**{¶45}** In general Ohio follows the "American rule" for the recovery of attorney fees: a prevailing party in a civil action cannot recover attorney fees as part of the costs of the litigation. *Wilborn v. Bank One Corp.*, 121 Ohio St.3d 546, 2009-Ohio-306, 906 N.E.2d 396, ¶ 7. However, attorney fees may be awarded pursuant to a statute and/or an enforceable contract that specifically provides for them. *Id.*

**{¶46}** Here, Sunset Cove was entitled to reasonable attorney fees pursuant to Article VII, section 1 of the Declaration, which provides that it "shall be entitled to collect from each delinquent owner all reasonable collection expenses, including not limited to court costs and *reasonable attorney's fees*." (Emphasis added.) Courts have held that "[w]hen the contract provides for attorney fees but does not specify the amount of fees that are awardable, the trial court has discretion to determine the amount of fees reasonably necessary under the circumstances." *Lake Pointe Townhomes Homeowners' Assn. v. Bruce*, 178 Ohio App.3d 756, 2008-Ohio-5264, 900 N.E.2d 636, ¶ 10 (8th Dist.).

**{¶47}** Sunset Cove was also entitled to reasonable attorney fees pursuant to R.C. 5312.13, which applies to a "planned community." It provides:

**{¶48}** "The owners association and all owners, residents, tenants, and other persons lawfully in possession and control of any part of an ownership interest shall comply with any covenant, condition, and restriction set forth in any recorded document to which they are subject, and with the bylaws and the rules of the owners association, as lawfully amended. Any violation is grounds for the owners association or any owner to commence a civil action for damages, injunctive relief, or both, and an award of court costs and *reasonable attorney's fees* in both types of action." (Emphasis added.)

**{¶49}** The Supreme Court of Ohio has held:

**{¶50}** "'[W]here a court is empowered to award attorney fees by statute, the amount of such fees is within the sound discretion of the trial court. *Unless the amount of fees determined is so high or so low as to shock the conscience, an appellate court will not interfere.* The trial judge which participated not only in the trial but also in many of the preliminary proceedings leading up to the trial has an infinitely better opportunity to determine the value of services rendered by lawyers who have tried a case before him than does an appellate court.'" (Emphasis added.) *Bittner v. Tri-Cty. Toyota, Inc.*, 58 Ohio St.3d 143, 146, 569 N.E.2d 464 (1991), quoting *Brooks v. Hurst Buick-Pontiac-Olds-GMC, Inc.*, 23 Ohio App.3d 85, 91, 491 N.E.2d 345 (12th Dist.1985).

### *Law and Analysis*

**{¶51}** The Supreme Court of Ohio has outlined a two-step process for a trial court to follow when determining the amount of reasonable attorney fees. *See Bittner* at syllabus. First, the trial court must calculate the number of hours reasonably expended on the case times an hourly fee. *Id.* Unreasonably expended hours that may be excluded are those that are excessive, redundant, or otherwise unnecessary. *See State ex rel. Harris v. Rubino,* 156 Ohio St.3d 296, 2018-Ohio-5109, 126 N.E.3d 1068, ¶ 5; *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). This calculation provides an objective basis on which to make an initial estimate of the value of an attorney's services. *Bittner* at 145. Second, the trial court may modify that calculation by application of the factors listed in Prof.Cond.R. 1.5(a). *See id.* at syllabus.

**{¶52}** Sunset Cove first challenges the trial court's finding that its attorney fee request was "grossly excessive." It cites *Olentangy Condominium Assn. v. Lusk*, 10th Dist. Franklin No. 09AP-568, 2010-Ohio-1023, as an example of an appellate court finding an attorney fee award of over $23,000 to be reasonable in relation to a damages award

13

of $2,266. However, in *Olentangy*, a condominium owner challenged the trial court's attorney fee award on legal grounds. *See id.* at ¶ 36-41. In addition, the Tenth District partially reversed the attorney fee award for impermissibly including the property manager's attorney fees. *See id.* at ¶ 42-45. Thus, *Olentangy* is inapposite.

{¶53} Sunset Cove also suggests that the trial court abused its discretion by denying statutory attorney fees "without sufficient explanation." However, the cases Sunset Cove cites in support of its position are readily distinguishable. In *Cyrus v. Journey*, 4th Dist. Scioto No. 91CA1988, 1992 WL 50017 (Mar. 11, 1992), the trial court overruled the appellant's motion for statutory attorney fees without stating any reasons. *See id.* at *2. The Fourth District found that the trial court's failure to state the basis for its determination rendered it impossible to conduct a meaningful review as to whether the trial court abused its discretion. *Id.* at *4. In *Hagans v. Habitat Condominium Owners Assn.*, 166 Ohio App.3d 508, 2006-Ohio-1970, 851 N.E.2d 544 (2d Dist.), the trial court adopted a magistrate's decision finding that a condominium association was not entitled to an award of attorney fees in an action to collect an owner's unpaid fines, despite an express authorization in the association's declaration, bylaws, and rules and regulations. *See id.* at ¶ 4-5, ¶ 49. The Second District determined that the magistrate erred in failing to award attorney fees as costs of the suit. *Id.* at ¶ 49.

{¶54} Here, the trial court did not deny Sunset Cove's request for attorney fees. The trial court acknowledged Sunset Cove was entitled to attorney fees for its collection efforts against Mr. Whetzel. Rather, it found Sunset Cove was not entitled to the full amount of its request for reasons fully explained in its judgment entry. Thus, the foregoing cases do not support Sunset Cove's assertion.

14

Case No. 2021-L-123

{¶55} Finally, Sunset Cove contends that its attorney fee request was reasonable based on the factors set forth in Prof.Cond.R. 1.5(a), which the trial court failed to discuss. However, by determining that Sunset Cove's request was "grossly excessive," the trial court effectively excluded those hours as being "unreasonably expended" pursuant to the first prong of *Bittner*. Thus, the trial court had no occasion to modify its initial calculation based on the factors in Prof.Cond.R. 1.5(a).

{¶56} In sum, Sunset Cove has not established that the trial court abused its discretion in awarding attorney fees of $1,940.

{¶57} Sunset Cove's cross-assignment of error is without merit.

{¶58} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is affirmed.

CYNTHIA WESTCOTT RICE, J.,

JOHN J. EKLUND, J.,

concur.