[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Platt v. Montgomery Cty. Bd. of Elections*, Slip Opinion No. 2026-Ohio-480.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2026-OHIO-480

THE STATE EX REL. PLATT *v.* MONTGOMERY COUNTY BOARD OF ELECTIONS ET AL.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Platt v. Montgomery Cty. Bd. of Elections*, Slip Opinion No. 2026-Ohio-480.]

*Attorney fees—$400 an hour determined to be reasonable rate given respondents' concession and the absence of satisfactory evidence submitted by relator in support of $690 rate billed by relator's attorneys—Respondents invoked "good-faith exception" too late because former R.C. 149.43(C)(3)(c) does not provide a basis for reducing an award of attorney fees but, rather, applies only to the court's initial determination of whether to award fees to a prevailing relator—Relator's attorney-fee application granted in amount of $28,120.*

(No. 2024-0325—Submitted December 9, 2025—Decided February 17, 2026.)

IN MANDAMUS.

————————

The per curiam opinion below was joined by KENNEDY, C.J., and DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ. FISCHER, J., dissented.

**Per Curiam.**

{¶ 1} In an earlier decision in this case, we granted a writ of mandamus ordering respondents—the Montgomery County Board of Elections and its deputy director, Russell M. Joseph—to produce two emails relating to a public-records request made by relator, Joseph J. Platt. 2025-Ohio-2079, ¶ 2, 46. We also awarded Platt his court costs and $1,000 in statutory damages, granted his request to recover his reasonable attorney fees, and ordered him to submit an itemized fee application. *Id.* at ¶ 46.

{¶ 2} Platt submitted an application to recover $48,507 in attorney fees. Respondents have objected to the request as excessive. For the reasons explained below, we agree with respondents and grant Platt's application in the amount of $28,120.[1]

## I. PLATT'S FEE APPLICATION

{¶ 3} Platt was represented in this case by two Cincinnati lawyers, Curt C. Hartman of the Law Firm of Curt C. Hartman and Christopher P. Finney of the Finney Law Firm. Attached to Platt's fee application are affidavits and itemized statements from Hartman and Finney as well as a copy of the attorneys' purported fee agreement with Platt. Hartman and Finney each claim a billing rate of $690 an hour. Hartman claims to have billed Platt $46,230 for his services (67 hours at $690 an hour); Finney claims to have billed Platt $2,277 (3.3 hours at $690 an hour).

---

1. Platt also requested recovery of $200 in court costs, consisting of the filing fee and security deposit that he paid in bringing this action. *See* S.Ct.Prac.R. 3.04 and 3.05. We already refunded these costs to Platt as the prevailing party. There is therefore no need for a separate award of costs. *See State ex rel. Harris v. Rubino*, 2018-Ohio-5109, ¶ 13 (declining to award the relators their costs for filing fees because the fees would be refunded since the relators prevailed).

{¶ 4} Respondents do not dispute the reasonableness of the hours expended by Platt's counsel in this case and do not challenge any of the line items listed on Hartman's or Finney's itemized statements. Rather, respondents contend that the $690 hourly rate claimed by Platt's counsel is excessive and that Platt has shown no evidence of similar attorney-fee awards in public-records litigation. Respondents also argue that a reduction of Platt's attorney-fee award is justified based on the factors set forth in R.C. 149.43(C)(3)(c).

## II. ANALYSIS

### A. Calculating a Reasonable Attorney-Fee Award

{¶ 5} We granted Platt's attorney-fee request under R.C. 149.43(C)(3)(b), which allows an award of "'reasonable attorney's fees to the relator'" who has obtained a judgment ordering a public office to comply with R.C. 149.43(B).[2] 2025-Ohio-2079, ¶ 42, quoting R.C. 149.43(C)(3)(b). The starting point for determining a reasonable fee is to calculate the "lodestar" by multiplying a reasonable hourly rate by the number of hours reasonably expended. *Cruz v. English Nanny & Governess School*, 2022-Ohio-3586, ¶ 47. The lodestar figure "provides an initial estimate of the value of the lawyers' services," which we may then adjust upward or downward after applying the factors listed in Prof.Cond.R. 1.5(a). *State ex rel. Harris v. Rubino*, 2018-Ohio-5109, ¶ 3, citing *Bittner v. Tri-Cty. Toyota, Inc.*, 58 Ohio St.3d 143 (1991), syllabus.

### 1. Reasonable Hourly Rates

{¶ 6} "A reasonable hourly rate is the prevailing market rate in the relevant community given the complexity of the issues and the experience of the attorney." *Harris* at ¶ 4, citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984). To guide the court

---

2. The General Assembly has recently amended R.C. 149.43, and some provisions, including those providing for the recovery of attorney fees, have been renumbered. *See* 2024 Sub.H.B. No. 265 (effective Apr. 9, 2025). In this opinion, we apply the version of the statute enacted in 2023 Am.Sub.H.B. No. 33 (effective Oct. 3, 2023).

in determining an attorney-fee award, "the burden is on the fee applicant to produce satisfactory evidence—*in addition to the attorney's own affidavits*—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." (Emphasis added.) *Blum* at 895, fn. 11; *see also Harris* at ¶ 4 (noting that applicant submitted affidavit of independent attorney attesting to reasonableness of rates).

{¶ 7} In this case, the affidavits of Platt's attorneys are the only evidentiary support for the claimed reasonableness of their $690 hourly rate. Platt has submitted no independent evidence showing that $690 an hour is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation," *Blum* at 895, fn. 11. Nor has Platt directed us to any other public-records case in which this court (or any other) has awarded $690 an hour in attorney fees to a prevailing party. In short, Platt has not submitted satisfactory evidence to support the reasonableness of the hourly rate charged by his attorneys.

{¶ 8} We have also observed that the prevailing market rate "'can often be calculated based on a firm's normal billing rate because, in most cases, billing rates reflect market rates, and they provide an efficient and fair short cut for determining the market rate.'" *Phoenix Lighting Group, L.L.C. v. Genlyte Thomas Group, L.L.C.*, 2020-Ohio-1056, ¶ 11, quoting *Gulfstream III Assocs., Inc. v. Gulfstream Aerospace Corp.*, 995 F.2d 414, 422 (3d Cir. 1993). But this observation does not support the $690 an hour charged by Platt's counsel. Neither Hartman nor Finney attested that $690 an hour is their "normal billing rate." Both attorneys have stated simply that they "believe" that $690 an hour is consistent with the hourly rates of attorneys of similar knowledge and experience in Ohio's major metropolitan areas.

{¶ 9} Accordingly, we decline to award Platt attorney fees based on an hourly rate of $690. Respondents, however, concede that $400 an hour is a reasonable rate on which to base an attorney-fee calculation in this case. Based on

respondents' concession and the absence of satisfactory evidence submitted by Platt in support of a higher rate, we use $400 an hour for the lodestar calculation.

### 2. Hours Expended and Resulting Lodestar

{¶ 10} Respondents expressly state that they do not take issue with the number of hours indicated on the itemized statements submitted in support of Platt's fee application. Accordingly, respondents have conceded that Hartman's 67 hours and Finney's 3.3 hours are reasonable. Multiplied by the $400-an-hour rate conceded by respondents, the lodestar calculation is $28,120.

### 3. No Reduction Based on Prof.Cond.R. 1.5 Factors

{¶ 11} As noted above, the lodestar calculation provides "an initial estimate" of a reasonable attorney fee. *Harris*, 2018-Ohio-5109, at ¶ 3. A court may then adjust the fee upward or downward based on the factors listed in Prof.Cond.R. 1.5(a).[3] *Harris* at ¶ 3; *Phoenix Lighting Group*, 2020-Ohio-1056, at ¶ 12. In this case, however, we need not analyze whether the Prof.Cond.R. 1.5(a) factors call for an adjustment of the amount resulting from the lodestar calculation, because the parties have argued for neither enhancement nor reduction of the lodestar based on application of the Prof.Cond.R. 1.5(a) factors.

---

3. The Prof.Cond.R. 1.5(a) factors are:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) the fee customarily charged in the locality for similar legal services;
(4) the amount involved and the results obtained;
(5) the time limitations imposed by the client or by the circumstances;
(6) the nature and length of the professional relationship with the client;
(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; [and]
(8) whether the fee is fixed or contingent.

## B. Respondents' Statutory-Reduction Arguments

{¶ 12} Instead of invoking the Prof.Cond.R. 1.5(a) factors as a reason to reduce Platt's recovery of attorney fees, respondents rely on R.C. 149.43(C)(3)(c), which they call "the good-faith exception in reducing or denying attorney fees." It is not clear whether respondents are using this "good-faith exception" to ask for only a reduction of the $690 hourly rate requested by Platt (which we have found to be excessive) or for a reduction of the amount that a $400 hourly rate would yield. To the extent that respondents are arguing in favor of the latter, we are not persuaded.

{¶ 13} R.C. 149.43(C)(3)(c) states:

(c) The court shall not award attorney's fees to the relator if the court determines both of the following:

(i) That, based on the ordinary application of statutory law and case law as it existed at the time of the conduct or threatened conduct of the public office or person responsible for the requested public records that allegedly constitutes a failure to comply with an obligation in accordance with division (B) of this section and that was the basis of the mandamus action, a well-informed public office or person responsible for the requested public records reasonably would believe that the conduct or threatened conduct of the public office or person responsible for the requested public records did not constitute a failure to comply with an obligation in accordance with division (B) of this section;

(ii) That a well-informed public office or person responsible for the requested public records reasonably would believe that the conduct or threatened conduct of the public office or person responsible for the requested public records would serve the public

policy that underlies the authority that is asserted as permitting that conduct or threatened conduct.

**{¶ 14}** Respondents argue that they reasonably relied on *State ex rel. Lanham v. DeWine*, 2013-Ohio-199, when they withheld one of the emails Platt had requested on the basis of the attorney-client privilege. In support of this argument, respondents note that in our earlier opinion in this case, we observed that "[u]nder a strict reading of *Lanham*," the email would fall under the attorney-client privilege. 2025-Ohio-2079 at ¶ 21. Respondents contend that their reasonable reliance on *Lanham* justifies a reduction in any attorney-fee amount Platt is awarded.

**{¶ 15}** We ultimately held in our earlier opinion, however, that the email at issue was not itself privileged, because it merely transmitted a privileged document as an attachment and did not itself reveal any client confidences. *Id.* at ¶ 22-25. Moreover, respondents have raised their argument too late. Under the language of the statute, the good-faith exception applies to a court's initial determination of whether attorney fees should be awarded. *See* R.C. 149.43(C)(3)(c). But we have already decided to award Platt attorney fees. *See* 2025-Ohio-2079 at ¶ 45. Thus, the time for respondents to raise their "good-faith exception" argument has passed. Moreover, the statute does not provide a basis for *reducing* an award of attorney fees; the "good-faith exception" applies only to the court's determination of whether to award fees to a prevailing relator. *See* R.C. 149.43(C)(3)(c).

**{¶ 16}** Finally, in requesting a statutory reduction in Platt's attorney-fee award, respondents also rely on *State ex rel. Doe v. Smith*, 2009-Ohio-4149. In *Doe*, this court held that "the presence of a public benefit conferred by the relator seeking disclosure" of a public record is a factor in determining whether to reduce an attorney-fee award. *Id.* at ¶ 33. In this case, respondents emphasize that the writ

of mandamus we granted resulted in Platt's obtaining only two blank transmittal emails relating to information that was already publicly known.

{¶ 17} Respondents' reliance on *Doe*, however, is misplaced. *Doe* involved a previous version of R.C. 149.43, which provided that courts in public-records cases may award reasonable attorney fees "'subject to reduction as described in [former] division (C)(2)(c).'" *Doe* at ¶ 33, quoting former R.C. 149.43(C)(2)(b), 2006 Sub.H.B. No. 9, 151 Ohio Laws, Part IV, 8219, 8238. In turn, former R.C. 149.43(C)(2)(c)(i) and (ii) recited the factors justifying a reduction in fees. This court held in *Doe* that the public benefit conferred by the prevailing relator could be considered in examining whether to reduce an attorney-fee award under those statutory factors. *Doe* at ¶ 33.

{¶ 18} The factors set forth in R.C. 149.43(C)(2)(c) that this court examined in *Doe* are identical to the factors set forth in the version of R.C. 149.43(C)(3)(c) that are applicable to the fee application in this case. But unlike the version of the statute at issue in *Doe*, the version we apply in this case does not permit the court to consider those factors in determining whether to *reduce* an attorney-fee award; rather, it allows the court to consider those factors only in determining whether to award fees in the first place. *See* R.C. 149.43(C)(3)(c) (the court "shall not award" attorney fees to the relator if it determines that both R.C. 149.43(C)(3)(c)(i) and (ii) apply). Thus, respondents' attempt to invoke these factors now comes too late because we already determined that Platt should recover his reasonable attorney fees.

### III. CONCLUSION

{¶ 19} For the reasons explained above, we grant Platt's attorney-fee application in the amount of $28,120.

So ordered.

———————————

The Law Firm of Curt C. Hartman and Curt C. Hartman; and Finney Law

Firm and Christopher P. Finney, for relator.

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Ward C. Barrentine, Assistant Prosecuting Attorney, for respondents.

_____